[No. 6,824.—Department Two.]

## J. F. LASSING v. TIMOTHY PAIGE.

CONTRACT—MODIFICATION OF CONTRACT—LAW OF THE CASE.—In an action for money alleged to be due for plowing defendant's land, it appeared that the plowing was commenced under a written contract, by which the defendant agreed to pay the plaintiff an agreed sum per acre upon the completion of all the plowing contracted for, and that only a part of the plowing had been done; and the question was, whether there had been a subsequent modification of the contract, so as to bind the defendant to pay for the plowing actually done. *Held*, that the evidence cited in the opinion seemed sufficiently to establish that there had been such a modification; but as the Supreme Court, on a former appeal and on substantially the same evidence, had decided to the contrary, this decision had become the law of the case.

ID.—ID.—CASES CRITICISED.—The case of *Lassing* v. *Paige*, 51 Cal. 576, criticised.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Thirteenth District Court, County of Merced. CAMPBELL, J.

*J. H. Budd*, and *Pringle & Hayne*, for Appellant.

The testimony in this record is precisely the same as that in the record upon which the former decision was made. (*Lassing* v. *Paige*, 51 Cal. 576.)

*P. D. Wiggington*, and *R. H. Ward*, for Respondent, cited 14 Johns. 329; *Peters* v. *Foss*, 20 Cal. 587; *Green* v. *Wells*, 2 id. 584.

SHARPSTEIN, J.:

The plaintiff and defendant entered into an agreement in writing, by which the former agreed to plow for the latter, in a specified manner and within a specified time, two sections of land, for $2 per acre, which the defendant agreed to pay on the completion of all of said plowing, according to the conditions of said contract.

The plaintiff alleges that he plowed seven hundred and fifty-three acres for the defendant. As the plaintiff did not complete the plowing according to the written contract, he does not seek in this action to recover upon it; but claims that it was altered by a subsequent oral contract. If altered, as he claims it was, the

effect of such oral alteration was the making of a new contract, which in law was altogether oral. And that is the theory which the plaintiff seeks to maintain. Whether he has succeeded or not in establishing that theory, depends upon the construction which should be given to the evidence in the case. Upon the trial, he testified as follows: "About the middle of March, Mr. Paige (defendant) came on the plowing. He was in a buggy, and I was in a spring wagon. We were driving along, and he was finding fault with the plowing. He said it was not deep enough; and so I got out of the spring wagon. I carried a rule. I measured the plowing, and it was five and a half inches deep. I said to Mr. Paige, I had borrowed some money to pay the men off from Mr. Newman of Hill's Ferry, and I would have to have some money. Can you let me have $300? Mr. Paige says, I don't owe you anything until the plowing is done; but he says, I will loan you $300. I loan you the money at 1 per cent. interest. I said, Mr. Paige, in case it should not rain any more in a week or two, will I lose it all? He said, I don't owe you anything. We went down farther, and then I asked him again in regard to the money; and then I told him, in case it should not rain any more, will I lose all the plowing I have done? I told Mr. Paige, in case I could not do the work, he had better get some one else. He said, go ahead and do the best you can. I will pay you for what you plow, and I will send you a check for $300. As he drove off, I told him Mr. Underwood should come up and inspect the ground once or twice a week, and if I could not do the work satisfactory to him, I would take my teams home, and quit.

" Q. That was the last talk you had with Mr. Paige; he told you he would pay you, to go ahead and do the best you could?

"A. Yes, sir. When Mr. Paige drove off. I have not seen him for about two weeks after that. That was the last conversation I had with him in regard to this work at that time. Mr. Underwood gave me this check some three or five days after this conversation.

" Q. Did you accept it from him as a loan?

"A. Not according to what Mr. Paige told me; he sent me a check for the money. Mr. Underwood said it was a loan. I told him the last Mr. Paige said, he said he would send me

$300; I considered it was $300 advanced me on the plowing, to pay the men who done the work."

The plaintiff's counsel contends that a new contract was made by the following conversation between the parties, as testified to by the plaintiff, viz. : " I told Mr. Paige (defendant) in case I could not do the work, he had better get some one else. He said, go ahead and do the best you can ; I will pay for what you plow, and I will send you a check for $300." There was evidence introduced, on behalf of the defendant, which tended to contradict this statement of the plaintiff ; but it was the special province of the jury to determine upon which side there was a preponderance of evidence ; and as the verdict was in favor of the plaintiff, we must assume that the jury believed his statement rather than that of the defendant.

If there had never been any prior agreement between the parties, we do not think that there could be any doubt as to the plaintiff's right to recover the value of any plowing which he might have done for the defendant, upon proving that he said to plaintiff, " Go ahead and do the best you can ; I will pay you for what you plow." We know of no element wanting in this to constitute a contract ; i. e., if the plaintiff did plowing for the defendant under it. It certainly would not be void for want of a consideration. If it would be good as an original contract, why is it not good as a new contract ? It differs materially from the original contract. That specified the number of acres to be plowed, the time and manner in which the work should be done, and the price to be paid for it when completed. The new contract simply provides that the plaintiff do the plowing as well as he can, and that the defendant will pay him for what he does, be it much or little.

Whether the $300, which the plaintiff received from the defendant, was received in part payment for the plowing, or as a loan, was a circumstance which it was proper for the jury to consider, with all the other evidence in the case, in determining whether the plowing was done under the original contract or under the alleged new one ; but it is not itself decisive of that question. It might be either a payment or a loan, without proving or disproving that the parties, after entering into the original contract, entered into a new one, under which the work

was actually done. We are not here to weigh the evidence. If there is any evidence which tends to prove that a new contract was entered into, and that the plowing was done under that, and not under the original contract, we cannot disturb the order of the Court denying a new trial on the ground that the evidence, as we view it, might lead us to a different conclusion.

Our attention, however, is directed to the fact, that this case has been here before on a former appeal (*Lassing* v. *Paige*, 51 Cal. 576), and that this Court then held, that the evidence of the plaintiff on the first trial, which was not materially different from what it was on the last trial, " did not tend to establish a change in the terms of the contract as contended for ; but on the contrary, was evidence that the defendant relied, and intended to rely, on his rights under the written agreement." That decision when made became the law of this case, and was binding upon the Court below, as it is upon this Court in this case. But for that, we would incline to the view that the plaintiff might recover upon the *quantum meruit* for all the plowing which he did after the defendant told him to go ahead, and that he would pay him for what he did. That is, if the jury chose to believe that the defendant told plaintiff that. As to the plowing done before, it was doubtless done under the original contract; and it does not appear, even by plaintiff's evidence, that the defendant agreed in the new contract to pay for any plowing previously done. But it is unnecessary to dwell further upon this matter, or to notice the other points discussed by counsel. This Court having previously decided that the plaintiff cannot recover upon the merits as presented by his own testimony, the judgment and order of the Court below must be reversed.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.

Thornton, J., and Myrick, J , concurred.