McFarland v. Washburn.

---

ELIJAH McFARLAND

v.

WILLARD WASHBURN.

MALICIOUS PROSECUTION.—PREPONDERANCE OF EVIDENCE.—To entitle a plaintiff to recover in an action for a malicious prosecution, it is not enough that the criminal charge preferred against him is malicious, but it must have been made without any probable cause by the party making it. The burden of proof is upon the plaintiff to sustain his allegation of want of probable cause by a clear preponderance of the evidence. As the plaintiff failed to do so in this case, the judgment is reversed.

Appeal from the Circuit Court of Vermillion county; the Hon. J. W. Wilkin, Judge, presiding. Opinion filed January 22, 1884.

Mr. F. Bookwalter and Messrs. Mann, Calhoun & Frazier, for appellant.

Mr. R. C. Wright, for appellee.

Higbee, J. This was an action on the case for malicious prosecution brought by appellee against appellant. The cause was tried by a jury, resulting in a verdict in favor of the plaintiff below. A motion for a new trial was overruled, and judgment rendered on the verdict, from which appellant appeals to this court, and asks a reversal, mainly on the ground that the verdict was contrary to the weight of the evidence.

To entitle the plaintiff to recover in an action for a malicious prosecution, it is not enough that the criminal charge preferred against him was malicious, but it must have been made without any probable cause by the party making it. The policy of the law favors prosecutions for crimes, and affords to the citizen prosecuting, such protection as is consistent with public justice; and in all such cases, before the defendant can be made to respond in damages for instituting a criminal prosecution, it must appear, by a clear preponderance of the evidence, that he did not have probable cause for making the charge. This is not the character of the proof in the case before us. Appellant charges appellee with having committed an assault upon him, and upon this charge he was arrested and tried before a justice of the peace who discharged him. The declaration alleges that the prosecution was malicious and without probable cause.

The undisputed facts, as they appear by the record, are that appellant rode across the field of appellee on horseback, and on approaching a gate leading out into a public highway, was told by appellee, who was working on a plow near by, that he could not go through; whereupon appellant got off of his horse and was about to open the gate, when appellee

advanced with an iron wrench in his hand, and placing both cf his feet on the lower bar of the gate and his arm across the top of it, refused to permit appellant to pass through, when an angry controversy occurred between them. The disputed fact is, as to whether appellee, while engaged in the quarrel, made the assault upon appellant for which he was arrested.

Appellee testified that he did not strike or attempt to strike appellant with the wrench, nor did he assault him in any manner; while appellant was equally positive in his testimony that appellee did strike at him over the gate with the wrench, and that he would have hit him had he not dodged back out of the way. In his evidence appellant was strongly corroborated by the testimony of two witnesses, Albert Cass and James Hayes, both of whom testified that shortly after the difficulty between the parties they were working in the hay field with appellee, who, in talking about it, said that McFarland was trying to go through the gate and he stopped him, and that if he, McFarland, had not dodged he would have knocked his —— brains out. This testimony so fully and satisfactorily corroborates appellant as to create a clear preponderance of the evidence in his favor. It is true appellee attempts to corroborate his evidence by the testimony of several witnesses, but we find no material corroboration in their evidence. The statements of Ezra J. Bantz are entitled to but little weight. He was standing in the lane on the same side as the gate, at a distance of sixty rods from it, looking down the string of fence, with the gate standing a little in from the side he was on, and says he saw Washburn go toward the gate with his hand raised, as if motioning McFarland not to come in. He did not strike at McFarland. At his distance from the parties, situated as he was, it is not very probable that he could tell with any degree of certainty what appellee was intending or attempting to do when flourishing his raised hand. Besides, there is not a particle of doubt, from the evidence of several witnesses, including the justice of the peace who tried the cause, that this witness testified before the justice on the trial of the charge for assault, soon after the difficulty occurred, that he did not see

anything of the occurrence. The testimony of the other witnesses relied upon to corroborate appellee, sheds no material light upon the subject.

As we have seen, the burden of proof is upon appellee. Not only has he failed to sustain his allegation of want of probable cause by a clear preponderance of the evidence, but the great weight of the evidence is so clearly in favor of appellant as to convince us that manifest injustice has been done him.

The judgment is reversed and the cause remanded.

Reversed and remanded.