Elijah McFarland

v.

Willard Washburn.

*Malicious Prosecution—Second Appeal—Reversal.*

Upon a second appeal, in an action for malicious prosecution, this court reverses the judgment for the plaintiff, the evidence being substantially the same as that which was held insufficient to sustain the former judgment for the plaintiff.

[Opinion filed November 18, 1887.]

Appeal from the Circuit Court of Vermillion County; the Hon. J. W. Wilkin, Judge, presiding.

Messrs. J. B. Mann and F. Bookwalter, for appellant.

Messrs. R. C. Wright and H. P. Blackburn, for appellee.

Conger, P. J. This was an action on the case for malicious prosecution. Upon a former trial the case was brought to this court and is reported in 14 Ill. App. 369.

Upon being reversed and remanded a new trial took place, resulting in a verdict and judgment in favor of appellee for $15, and appellant brings the record to this court and urges as grounds of reversal that it is substantially the same case now that it was when here before.

After carefully comparing the statement of facts as contained in the opinion heretofore filed in this court, and the evidence as shown by the record in the case now before us, we find it substantially the same case and same evidence. When a cause is reversed by this court for the reason that the evidence is not sufficient to sustain the finding of the court below, and upon a new trial it is again brought up for review, we shall adhere to the former holding, unless there is a substantial difference in the evidence introduced upon the two

trials. The mere fact that upon a second trial the jury may have again found the same as upon the first trial, can not avail, unless we can see that they have had before them additional evidence, substantially different, and controlling in its character.

While some new evidence has been introduced in the present record it does not change the substantial features or merits of the controversy; but they remain as before; and under such circumstances we think the conclusion reached by this court when the case was formerly here should be regarded as conclusive.

The object of remanding causes when reversed by this court, when the evidence is insufficient, is to give an opportunity upon a new trial, to supply, if possible, the deficiency, not to enable parties upon the same or substantially the same evidence to appeal from the decision of this court to another jury.

We think no good purpose would be subserved by remanding this cause for a new trial, therefore the judgment of the Circuit Court will be reversed.

                              *Judgment reversed.*