[No. 14792.   Department Two. — September 30, 1892.]

## JAMES BRUSIE, APPELLANT, v. SAMUEL GATES ET AL., RESPONDENTS.

QUIETING TITLE — PLEADING — EVIDENCE — NONSUIT — TITLE FROM COMMON SOURCE — PRIMA FACIE CASE. — In an action to quiet title, where the complaint does not show the source of plaintiff's title, but the answer claims title by deed from a grantor who is alleged to have owned the land at the date of defendant's deed, and the plaintiff proved a sheriff's sale and deed in due form under execution upon a valid judgment against the defendant's grantor, though the execution was issued subsequent to that date, such case makes a *prima facie* case for the plaintiff, independently of any prior lien by attachment, subject to be overcome by proof of a conveyance to the defendant prior to the sheriff's sale.

ID. — ADMISSION OF ANSWER — ISSUE AS TO CONVEYANCE — BURDEN OF PROOF. — The defendant is not at liberty to dispute the positive averment that his grantor, under whom the plaintiff also claimed title, was the owner of the land at the date of the conveyance to the defendant, but the averment as to the conveyance to the defendant not being admitted by the plaintiff, but derived by implication of law, the burden of proof is upon the defendant to prove such conveyance to him prior to the sheriff's sale to the plaintiff.

ID. — ATTACHMENT — NOTICE TO OCCUPANT OF LAND — EFFECT OF CONSTABLE'S TESTIMONY — LAW OF CASE. — Where the testimony of a constable as to what he did to effect an alleged attachment of real estate is substantially the same upon a second trial as upon a former trial, and upon a former appeal was held insufficient to prove notice to the occupant of the land, the decision as to the effect of such testimony is the law of the case, and it is conclusively insufficient upon the second trial.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial.

The facts are stated in the opinion.

*Thomas B. Bond, C. A. Stonesifer, R. C. Minor, Judson Brusie,* and *W. H. Layson,* for Appellant.

*W. H. Hutton,* and *E. W. McKinstry,* for Respondents.

VANCLIEF, C. — Action to quiet title to land. The complaint is in the usual form, praying that defendant be required to set forth the nature of his adverse claim, etc.

Defendant's answer admits that he claims the land adversely to the plaintiff, and avers " that on or about the twentieth day of November, 1879, for a good, valua-

ble consideration, a grant, bargain, and sale deed of the whole of said described premises was duly executed and delivered to him by one Miner Walden, in whom the legal title to the whole of said described premises was then vested, and who was then in the open and notorious possession of said described premises, and the whole thereof, as the legal and lawful owner thereof, which said deed was sufficient in form and recitals to vest, and it did vest, the title in fee-simple of said premises in this defendant"; that said deed was duly recorded on the sixth day of January, 1880, and under it defendant entered into possession on November 20, 1879, and has ever since remained in exclusive possession, claiming absolute ownership of the premises.

At the trial, plaintiff claimed title from the same Miner Walden by a sheriff's sale made by virtue of a writ of execution on a money judgment in a justice's court, in his favor, against Walden, rendered October 12, 1878. The execution on which the premises were sold was issued October 1, 1880. The property was sold October 30, 1880, and the sheriff's deed to plaintiff was executed May 10, 1881. For the purpose of proving that his title acquired by this deed antedated the alleged deed from Walden to defendant of November 20, 1879, the plaintiff proved the regular issuance of a writ of attachment from the justice's court on October 2, 1878; and to prove that this writ had been levied on the property in question, introduced the constable's return indorsed thereon, certifying that the constable had received the writ on the second day of October, 1878, " and served the same on the same day by attaching the following described real estate, describing the land in question, and filing a notice thereof with the county recorder of said county, and delivering a copy of said attachment to B. B. Garner, an occupant of said real estate."

Plaintiff then proved that a copy of the writ, with the following notice attached thereto, had been filed in the recorder's office October 2, 1878: "Notice is hereby given that by virtue of the annexed writ of attachment

issued in the above-entitled action, the following de-scribed real estate is attached as the property of the said Miner Walden, defendant, to wit"; here follows description of the property as in the return.

Then, to prove that a similar notice, with a description of the property, had been served on the occupant of the land, as required by section 542 of the Code of Civil Procedure, the plaintiff called the constable, who testified substantially the same as he had testified on a former trial of the same case. His testimony on the former trial is stated in the opinion of this court on a former appeal (*Brusie* v. *Gates*, 80 Cal. 470), where it was held that his testimony was insufficient to prove the requisite notice to the occupant, and consequently that no valid levy of the attachment had been proved.

Upon the foregoing evidence the plaintiff rested, and the defendant moved for a nonsuit, which was granted. The plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

As contended by counsel for the appellant, I think the court erred in sustaining the motion for nonsuit.

Both parties claimed title from Walden. That Walden was the owner of the property on the twentieth day of November, 1879, and that defendant claimed title from him by deed of that date, is distinctly averred in defendant's answer.

The complaint does not show the source of plaintiff's alleged title, but on the trial plaintiff proved a sheriff's sale of the land to him, authorized by an execution in due form issued to him by the justice of the peace on a valid judgment, a certificate of which sale in due form reciting a levy of the execution was issued to plaintiff, and a duplicate thereof duly filed in the recorder's office October 30, 1880; also, the execution of a sheriff's deed in due form reciting the judgment, the execution and levy thereof, the sale after due notice, and the certificate of sale.

This made a *prima facie* case for the plaintiff, independently of any lien by attachment, subject, however,

to be overcome by proof, on the part of the defendant, that Walden had conveyed to him on November 20, 1879, as alleged in his answer, or at any time prior to the sheriff's sale to plaintiff. (*Blood* v. *Light,* 38 Cal. 649; 99 Am. Dec. 441; *Wilson* v. *Madison,* 55 Cal. 5; *Hibberd* v. *Smith,* 67 Cal. 564; 56 Am. Rep. 726.) The admission by plaintiff that Walden had been the owner, as alleged in the answer, by claiming title under him, was not an admission that Walden had conveyed to defendant, as alleged in the answer, at any time prior to the sheriff's sale to plaintiff. The averment in the answer that Walden had conveyed to defendant was denied by implication of law; and after plaintiff had made a *prima facie* case by proving a conveyance from Walden to himself, the burden of proving a prior conveyance from Walden to defendant was on the defendant, since he was not at liberty to dispute the positive averment in his answer that Walden owned the land on November 20, 1879. (*People* v. *S. & C. R. R. Co.,* 49 Cal. 420; Bigelow on Estoppel, 687–690.)

As before remarked, the testimony of the constable as to what he did to effect the alleged attachment was substantially the same as on the former trial; and as on the former appeal that testimony was held to be insufficient to prove notice of the attachment to the occupant of the land, it was conclusively insufficient on the second trial. In that respect the decision on the former appeal had become the law of the case, and the trial court correctly so considered it on the second trial.

I think the judgment and order should be reversed, and the cause remanded for a new trial.

HAYNES, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

DE HAVEN, J., McFARLAND, J., SHARPSTEIN, J.

Hearing in Bank denied.