[No. 869. Decided June 22, 1893.]

JACOB FURTH, *Appellant*, v. GEORGE H. SNELL *et al.*, *Respondents*.

### FRAUDULENT CONVEYANCES—SUFFICIENCY OF EVIDENCE—ASSIGNMENT FOR BENEFIT OF CREDITORS.

A debtor in failing circumstances made a bill of sale of his stock of goods and store fixtures to the plaintiff, the consideration paid by the plaintiff being the surrender of three promissory notes executed by the debtor as follows: One for $500, to the plaintiff, one for $2,700, to the debtor's father, and one for $250, to the debtor's brother-in-law, the latter two notes having been turned over to the plaintiff by the father and brother-in-law in payment of valid indebtedness from them to him; it was not clearly established that the debtor owed these sums to his father and brother-in-law, but it was clearly shown that the latter parties owed the sums named to the plaintiff, and that the plaintiff acted in good faith, without knowledge of the debtor's other indebtedness, or of any intent on his part to defraud. The plaintiff took possession of the stock of goods, but shortly thereafter it was attached by other creditors and sold as the property of the debtor, although the creditors had full notice of the plaintiff's rights. *Held*, That the plaintiff was entitled to recover the value of the stock of goods and store fixtures.

The fact that a debtor in failing circumstances disposes of his entire property to one creditor does not work an assignment thereof, by operation of law, for the benefit of creditors.

*Appeal from Superior Court, King County.*

*Preston, Carr & Preston*, and *W. R. Bell*, for appellant.
*Stratton, Lewis & Gilman*, for respondents.

The opinion of the court was delivered by

Scott, J.—This action was brought to recover the value of a stock of drugs and store fixtures converted by the defendants. On April 9, 1891, one Isaac Korn was the owner, and in possession of the same, and engaged in business in the city of Seattle as a retail druggist. At said time he was indebted to the appellant in the sum of $500, for

money previously loaned to him. The appellant also held a note for $250, given by said Korn to one Bories, and another note for $2,700, given by said Isaac Korn to M. Korn, these notes having been transferred by the payees to appellant on certain indebtedness owed by them to him. Said Bories was said Isaac Korn's brother-in-law, and M. Korn was his father. On April 9th aforesaid Isaac Korn made a bill of sale of said property to appellant, whereupon appellant immediately took possession of the property, and kept it until the levy hereinafter mentioned. Isaac Korn was also indebted to the respondent, the firm of Snell, Heitschu & Woodard, on an open account for goods purchased, in the sum of nearly $3,000. On April 11, 1891, said firm commenced an action against him in the superior court of King county, and caused a writ of attachment to issue therein to the respondent Woolery, who was then sheriff of said county, and caused the same to be levied upon the property aforesaid as the property of Isaac Korn. Judgment was obtained in said action, and execution issued and levied upon the property, and the same was sold thereunder, and the proceeds applied upon said judgment. Prior to said sale appellant notified the respondents of his rights in the premises, and demanded that the property be returned to him. After the sale this action was instituted. A jury trial was had, which resulted in a verdict and judgment for the defendants, and an appeal was taken to this court.

One of the points raised, and the only one which will be discussed, is that the evidence was insufficient to justify the verdict. There was evidence to show that at various times Isaac Korn had stated to the respondents Snell, Heitschu & Woodard that he was indebted to no one else excepting said firm; that his business was in a prosperous condition, etc.; and that by means thereof he succeeded in maintaining his credit with them, and in obtaining goods

from them from time to time upon credit. There was also some evidence from which it might be inferred that Isaac Korn had no other property excepting the stock of goods and store fixtures aforesaid. Said proof amounted to no more than an inference, however, but for the purposes of this action the point will be considered as established. Neither Isaac Korn, M. Korn nor Bories were examined as witnesses by either party. It is contended by respondents that Isaac Korn was not indebted to either his father or his brother-in-law; and that he gave said notes to them with the fraudulent purpose of placing his property beyond the reach of his creditors. There was no proof to sustain this, however, excepting the statements of Isaac Korn with regard to his indebtedness made as aforesaid, and this not having been brought to the knowledge of appellant was not evidence as against him. Upon cross examination the appellant was asked if he knew whether the indebtedness of $2,700 from Isaac Korn to M. Korn was a valid indebtedness, and he answered that he did, and that the same was a valid indebtedness. He was asked if he knew what it was for, and he answered "Yes, a portion of it was paid by M. Korn to some of the creditors of Isaac Korn some time before the bill of sale was taken." Upon the receipt of said bill of sale and a transfer of said property, appellant surrendered to Isaac Korn said three notes — one for the $500 which he had loaned Isaac Korn individually, and the other two for $250 and $2,700 given to Bories and M. Korn, respectively. The foregoing was all the evidence relating to the validity of said indebtedness, and it stood uncontradicted. Bories and Isaac Korn had previously been partners in said business. Isaac Korn was at one time indebted to appellant in the sum of $1,500, and upon being pressed to pay, he had succeeding in reducing the same $1,000, leaving said $500 remaining unpaid. It appears also that appellant did not regard Isaac Korn's

business as being in a prosperous condition, and he testifies that for that reason he did not want to carry him any longer. He did not know that he was indebted to respondents, but supposed that quite likely he was owing others than M. Korn, Bories and himself. The respondents do not question said indebtedness of $500 from Isaac Korn to appellant, but as before stated, contend that the notes given by Isaac Korn to M. Korn and Bories, and by them transferred to appellant, were fraudulent. It stands unquestioned that the transfer of these notes to appellant by Bories and M. Korn was *bona fide* upon debts actually owing by them to appellant. It is not contended that appellant entered into any actual fraudulent conspiracy with Isaac Korn to place his property beyond the reach of his other creditors, but it is contended by respondents that as appellant knew, or had reason to believe, that Isaac Korn's business was not in a prosperous condition, and that most likely he was indebted to other persons than himself, M. Korn and Bories, and that he was by said bill of sale transferring to him all of his available property, that the transaction amounted to a fraud as against respondents, and that appellant could claim no rights in the premises as against them. It is contended that the transfer of said stock of goods and store fixtures by Isaac Korn, under the circumstances, should be held in law as equivalent to an assignment of all his property for the benefit of his creditors, and that the transfer thereof to appellant amounted to a preference of creditors which the law does not recognize in case of an assignment, and some cases decided elsewhere are cited in support thereof.

We are unable to agree with respondents' contention in the premises. While we have an assignment law which provides that an insolvent debtor may turn his property over for the benefit of his creditors, and by so doing under some circumstances may obtain a discharge of his indebt-

edness, and while·a preference of creditors in such trans-
action will not be permitted, yet the assignment itself is
not compulsory.　It is entirely optional with the debtor
whether he will avail himself of the provisions of this act.
If he does not choose to resort to proceedings in insolvency
there is no way of compelling him to do so, and we have
previously held that a debtor, even if in failing circum-
stances, may in good faith dispose of his entire property
for the purpose of paying a portion of his debts, although
other debts are left unsatisfied.　*Turner v. Iowa National
Bank*, 2 Wash. 192 (26 Pac. Rep. 256); *Ephraim v. Kelle-
her*, 4 Wash. 243 (29 Pac. Rep. 990); *Benham v. Ham*, 5
Wash. 128 (31 Pac. Rep. 459); *Samuel v. Kittenger, ante*,
p. 261.

It appears from the uncontradicted evidence in this case
that appellant took this property at its fair market value
in payment of valid subsisting claims held by him against
Isaac Korn, and that he acted in good faith in the prem-
ises, and that the respondents at the time they levied upon
and sold said goods had full notice of his rights in the
premises.　Under this state of affairs the appellant's con-
tention that there was no evidence to support the verdict,
must be sustained, and the judgment is reversed, and cause
remanded.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ.,
concur.