[No. 1793.   Decided February 10, 1896.]

JACOB FURTH, *Respondent*, v. GEORGE H. SNELL *et al.*, *Appellants*.

APPEAL — DETERMINATION OF FACTS BY APPELLATE COURT — WHEN
BINDING ON TRIAL COURT.

Where a cause has been reversed upon the ground of the insufficiency of the evidence to sustain the verdict, such decision stands as the law of the case upon a retrial in which the evidence presented is substantially the same as that upon which the cause had been first tried and determined.

The refusal of the court to submit to the jury the question of the *bona fides* of a sale of personal property, when the issue is that it was in fraud of creditors, is not error when it has already been determined upon an appeal of the case upon a former trial, that the evidence, which was substantially the same in both trials, was insufficient to establish fraud. (DUNBAR, J., dissents.)

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge.   Affirmed.

*Stratton, Lewis & Gilman*, for appellants.

*Carr & Preston*, and *W. R. Bell*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—On April 9, 1891, one Isaac Korn was

the owner and in possession of a certain stock of drugs, medicines, druggist's articles and store fixtures in the city of Seattle, and was engaged in business as a druggist.  At that time he was indebted to the respondent in the sum of $500 for money previously loaned to him, which indebtedness was evidenced by a promissory note.  Respondent was also the owner and holder of two other notes made by said Korn one, for $250 payable to the order of one Bories, and the other for $2,708 payable to the order of M. Korn, both of which had been indorsed and delivered to respondent by the payees in part payment of debts due from them, respectively, to him.  On said day the said Isaac Korn executed and delivered to the respondent a bill of sale of said stock of goods and store fixtures, and the latter thereupon canceled and delivered to the former the notes above mentioned, and took possession of the property so conveyed to him and retained the possession thereof until dispossessed in the manner hereinafter stated.  At the time this property was transferred to the respondent, Isaac Korn was indebted to the firm of Snell, Heitschu & Woodward, appellants, in the sum of $2,877.43 on an account for merchandise sold and delivered to him by them.  Thereafter, and on April 11, 1891, the said firm commenced an action in the superior court of King county against said Isaac Korn to recover the amount due them, and caused a writ of attachment to be issued and placed in the hands of appellant Woolery, the then sheriff of King county, who, by virtue of said writ, seized and took into his possession the above mentioned stock of goods and fixtures, as the property of said Isaac Korn.  Under and by virtue of an execution issued upon a judgment for plaintiffs in that action, the attached property was sold by the sheriff

and the proceeds applied towards the satisfaction of the judgment. After the levy but before the sale, the respondent notified the sheriff in writing that he was the owner of the property so levied upon, and demanded its return to him, which demand was refused. To recover the value of the property so taken and sold the respondent instituted this action.

The complaint alleges facts sufficient to entitle the plaintiff to recover the value of the property therein described. The defendants in their answer denied that plaintiff was the owner of the property described in the complaint or entitled to the possession thereof, and that it was of any greater value than $1,800; and alleged affirmatively, among other things, that the bill of sale by which the property was transferred to the respondent was made by Isaac Korn for the purpose of placing his property beyond the reach of his creditors, and for the purpose of hindering, delaying and defrauding his creditors, and especially the defendants Snell, Heitschu & Woodward; and that the plaintiff accepted the bill of sale knowing that it was made for the purposes aforesaid, with the intention and for the purpose of aiding said Korn to so hinder, delay and defraud his creditors; that after executing the bill of sale the said Korn remained in possession of the property and continued to sell the same and apply the proceeds thereof to his own use and benefit, and that the bill of sale was and is fraudulent and void as against the defendants. The plaintiff replied, admitting the execution of the bill of sale as alleged in the answer, but denying all other new matter therein contained.

Upon the issues presented by the pleadings a trial was had to a jury, and at the close of the evidence the plaintiff presented to the court, as conclusions of fact from the evidence, that the plaintiff was, on the 11th

day of April, 1891, the owner, in possession and en-
titled to the possession of the goods and chattels
described in the complaint (less the soda fountain,
safe, chandeliers and gas fixtures); that plaintiff had
theretofore purchased the same from I. Korn, the then
owner thereof, in good faith, paying therefor a consid-
eration not less than the value thereof; that the de-
fendants wrongfully, and without right and tortiously,
took the same from plaintiff's possession, on the 11th
day of April, 1891, and then converted the same to
their own use, and as a conclusion of law that the
plaintiff is entitled upon the evidence to a verdict in
his favor, in the amount of the value of the property
taken, at the time of the taking, with interest thereon
from April 11, 1891, to date, at the rate of eight per
cent. per annum, said value to be determined by the
jury from the evidence, and requested the judge to
find and sign the same, and that the court instruct the
jury to return a verdict for the plaintiff in accordance
with said conclusion of law. The court signed the
conclusions of law and of fact so submitted, and in-
structed the jury as requested by the plaintiff. The
jury returned a verdict in favor of the plaintiff and
against the defendants for $3,348, upon which verdict
judgment was subsequently entered for that sum. To
reverse this judgment this appeal is prosecuted.

It is insisted with much earnestness by the learned
counsel for appellants that there was some evidence
properly presented to the jury which tended to sup-
port the allegations of fraud set forth in defendants'
answer, and that the court, therefore, erred in taking
the question of the *bona fides* of the sale by Korn to
the respondent from the jury. In support of this
contention it is urged that the action of the court was
in contravention of § 21 of art. 1, and § 16 of art. 4,

of the state constitution, which, respectively, provide
that the right of trial by jury shall remain inviolate,
and that judges shall not charge juries with respect
to matters of fact, nor comment thereon, but shall de-
clare the law. But we fail to perceive wherein the
court violated those provisions of the constitution.
There is nothing in the record showing that the judge
either charged the jury upon the facts of the case or
deprived the appellants of the right to a jury trial.
The only question here is whether there was any evi-
dence upon which the jury could properly have found
a verdict in favor of appellants, who necessarily as-
sumed the burden of proof upon the issue tendered
by their answer. *Commissioners v. Clark*, 94 U. S.
278–284. And, in determining that question, it is
necessary to bear in mind a fact, which is not, strictly
speaking, a matter of record, but which, nevertheless,
cannot be overlooked or disregarded. It is this:
This cause was before this court on a former occasion
on appeal from a judgment in favor of the present
appellants, and the judgment of the trial court was
then reversed and the cause remanded for the reason
that it appeared to us that the evidence was entirely
insufficient to sustain the verdict of the jury. The
case was retried in the court below and we are again
called upon to determine practically the same question
which was determined on the first appeal. The facts
appearing in the record on the first appeal are quite
fully set forth in the opinion of this court reported
in 6 Wash. 542 (33 Pac. 830). Now, if the facts dis-
closed by the record now before us are substantially
the same as those presented by the record on the first
appeal, the former decision of this court established
the law governing this case, and was a final adjudica-
tion and determination of the question now under

consideration.   *Wilkes v. Davies,* 8 Wash. 112 (35 Pac.
611);   *Brusie v. Gates,* 96 Cal. 265 (31 Pac. 111);
*Thatcher v. Gottlieb,* 59 Fed. 872; *Frankland v. Cassady,*
62 Tex. 418; *Richmond St. R. R. Co. v. Reed,* 83 Ind. 9;
*Lassing v. Paige,* 56 Cal. 139; *Heinlen v. Martin,* 59 Cal.
181;  *Chaffin v. Taylor,* 116 U. S. 567 (6 Sup. Ct. 518).

A careful examination of the evidence adduced upon
the first trial discloses the fact that it was essentially
the same as that given on the second, and therefore
the court committed no error in declining to submit
to the jury the question of the *bona fides* of the re-
spondent in purchasing the property in controversy.
That question had been previously determined, under a
substantially similar state of facts, by this court, and
that decision was conclusive upon the trial court.

It is claimed, however, by appellants that the notes
which were surrendered by respondent to Isaac Korn
upon the execution of the bill of sale and which were
introduced in evidence on the second trial, but not on
the first, supplied the " missing link in the chain of
evidence of fraud." But we cannot assent to this
proposition. These notes, we think, in no way con-
tradicted the oral testimony in the case, though it is
urged that the fact that the Bories and M. Korn notes
were dated but three days before the execution of the
bill of sale tends strongly to contradict the statement
of the respondent that when he received them he had
not conceived the idea of obtaining the stock of goods
from Korn.   But whether he had or had not such an
idea at that time seems to us quite immaterial.   The
point is, did he purchase in good faith and for a suffi-
cient consideration; and we think the evidence shows
that he did.   All that was said upon this point in the
former opinion of this court is equally pertinent and ·

applicable to the facts now before us, and nothing further, therefore, need be said concerning it.

Even if this cause were now here for the first time we would be constrained to hold that the ruling of the trial court was fully justified by the law and the evidence.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, J., concur.

DUNBAR, J. (*dissenting*). I am compelled to dissent from the conclusion announced by the majority. I think the introduction of the notes mentioned in the majority opinion relieved the case of the objection urged by this court in 6 Wash. 542 (33 Pac. 830). My own opinion is that the appellants made out a case of fraud; but whether they did or not, they certainly introduced competent testimony tending to prove fraud, and the province of the jury to weigh the testimony should not have been interfered with by the court.