[No. 6589.   Decided March 4, 1907.]

## THE MENASHA WOODEN WARE COMPANY, *Appellant*, v. PETER NELSON *et al.*, *Respondents*.[1]

COVENANTS — ACTIONS FOR BREACH — EVIDENCE — SUFFICIENCY. A *prima facie* case is made, in an action on a covenant of general warranty, by proof of the execution and delivery of a deed of general warranty, failure of the title, the amount of consideration paid, and a demand.

SAME—ANSWER—DEFENSES—FRAUD. In an action on a covenant of general warranty, an answer that plaintiff knew the state of defendant's title and agreed to accept the same and that the deed of warranty was obtained through fraud, is an attempt to defeat the effect of the deed without allegation or proof and cannot be sustained.

SAME—DEFENSES—GRANTEE'S AGREEMENT TO PERFECT TITLE. In an action on a covenant of warranty of public lands applied for by the grantor, but for which patent had not issued, it is a valid defense that the grantee knew the condition of the title and agreed to attend to securing the patent, and that title failed through the grantee's neglect.

TRIAL—DIRECTION OF VERDICT. It is error to direct judgment for defendant where there is a conflict in the evidence upon a valid defense to the action.

COVENANTS—ACTIONS FOR BREACH—DEFENSES. In an action upon a covenant of general warranty of public lands, applied for by the grantor, it is a valid defense that the grantor was prevented from perfecting title by a subsequent application filed by the plaintiff.

SAME—EVIDENCE—RECORD OR LETTERS. A recital in a letter or decision of the commissioner of the general land office that a railroad company had conveyed the land to one of the parties, is not evidence for or against either of the parties to the action on a covenant of warranty.

SAME—ACTIONS FOR BREACH—DEFENSES—PUBLIC LANDS—DISPOSAL PRIOR TO PATENT. In an action upon a covenant of general warranty of public lands, applied for by the grantor, it is not a defense that the grantees failed to place themselves in a position to receive notice of proceedings in the land office, as the duty of perfecting title devolved upon the grantor.

[1]Reported in 88 Pac. 1018.

MONEY PAID—SUFFICIENCY OF EVIDENCE—TRIAL—DIRECTION OF VERDICT. In an action to recover money paid by a grantee in a warranty deed, for the purpose of perfecting title, judgment should be directed for the plaintiff for the amount paid out to an attorney to perfect the title, although the evidence of the value of the services was very slight, where one of the grantors had promised to pay the bill and its payment was only prevented by the commencement of the action.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered May 23, 1906, in favor of the defendants, after discharging the jury at the close of the testimony, in an action for damages for breach of the warranty of title contained in a deed. Reversed.

*E. H. Belden* and *W. C. Losey*, for appellant.

*P. C. Shine*, for respondents.

RUDKIN, J.—On the 9th day of April, 1900, George B. Richardson filed on the southeast quarter of the northwest quarter, and the northeast quarter of the southwest quarter of section 14, tp. 59, N., R. 2 W. of Boise Meridian, and paid therefor with Northern Pacific Priest Reserve scrip. On June 29, 1900, Richardson quitclaimed the lands embraced in the above entry to the defendants, and on September 4, 1900, the defendants conveyed by deed of general warranty to the plaintiff. The application of Richardson for a patent was considered by the general land office on the 27th day of November, 1901, "And it was found that a certain deed noted in the abstract of title from the Northern Pacific Railway Company to Richardson, dated December 22, 1899, bore no evidence of having been properly stamped under the requirements of the war internal revenue act then in force. The Coeur d'Alene local office was, therefore, directed to call upon Richardson to furnish the certificate of the county recorder showing that the omission in affixing and cancelling the proper amount of internal revenue stamps had been remedied, and that there had been no transfer of

the land involved since the date of the deed (January 11, 1900), conveying said lands to the United States.  The selector was allowed 60 days within which to meet the above requirements, or appeal, with notice that in the event of noncompliance his said selection would be rejected without further notice."  Richardson was notified by the local office by registered mail as directed, but having in the meantime changed his residence and postoffice address, the notice was never received.  Both the defendants and the plaintiff failed to notify the general land office that they were the successors in interest of Richardson, and consequently no notice was served upon them.  On September 17, 1902, the Richardson entry was cancelled for failure to furnish the required proof, but the parties to this action had no notice of such cancellation until the latter part of December, 1904.  This action was thereupon brought to recover damages for breach of the warranty of title contained in the deed from the defendants to the plaintiff.  By a second cause of action the plaintiff sought to recover the further sum of $55, paid at the special instance and request of the defendants, for perfecting title to certain other lands conveyed to the plaintiff, at or about the same time and as a part of the same transaction.

While not pleaded separately, the answer contains substantially the following defenses:  (1) That at the time of the execution of the deed in question, the plaintiff was fully advised of the nature of the defendants' title, and for the consideration paid agreed to accept such title as the defendants then had; that the defendants signed and executed a deed prepared by the plaintiff's agent, believing that they were executing a quitclaim deed, and that if the instrument executed was a deed of general warranty, as alleged in the complaint, the same was procured by fraud and deceit; (2) that prior to the execution of said deed the plaintiff was fully apprised of the nature of the defendants' title, and at the time of the purchase agreed to look after and attend to

securing of a patent and all matters appertaining thereto, and to notify the defendants or their grantor Richardson of any defect in such title, in order that the same might be remedied and cured; that the plaintiff failed and neglected to perform such agreement, and that by reason thereof the Richardson entry was cancelled as hereinbefore stated; (3) that thereafter, and without notice to the defendants or their grantor, the plaintiff's manager and land agent made lieu selection of said lands on the 16th day of January, 1905, as attorney in fact for the Santa Fe Pacific Railway Company, and that the defendants believed that such selection was made for and on behalf of the plaintiff, and with intent to cheat and defraud the defendants. The case came on for trial before a jury, and at the close of the testimony the court discharged the jury and directed a judgment in favor of the defendants. From this judgment the present appeal is prosecuted.

The appellant proved the execution and delivery of the deed of general warranty, the failure of the respondents' title, the amount of the consideration paid and a demand. This made a *prima facie* case on the first cause of action and entitled the appellant to a verdict for the amount of the consideration paid with interest, unless some of the defenses interposed are valid in law and established in fact. The first defense interposed, viz., that the appellant knew the state of the respondents' title and agreed to accept such title as the respondents had for the consideration paid, and that the deed was obtained through fraud and deceit cannot be sustained. It is simply an attempt to defeat the operation and effect of the deed without allegation or proof of either fraud or mistake.

The second defense interposed is valid in law, if sustained by the proof. No attempt is here made to contradict the terms of the deed. The effect of the agreement and its non-performance, if proved, is merely to show that the title failed

through the neglect and default of the appellant, and this the respondents had a right to do. The court, however, could not have directed a judgment by reason of this defense, as there was a direct conflict in the testimony as to whether any such agreement was in fact made.

The third defense is also valid in law if sustained by the proof. The respondents had a right to show that they were prevented from perfecting the Richardson entry by reason of another selection made by or for the use of the appellant, without notice to the respondents or their grantor, and without giving them an opportunity to perfect their title. The court, however, could not have directed a judgment by reason of this defense, as it was not established by the testimony. It was stipulated that O. C. Rice, as attorney in fact for the Santa Fe Pacific Railway Company, made lieu selection of the land described in the deed in controversy, on January the 16th, 1905, in the name of that company, and there was testimony tending to show that Rice was, at the time of making such selection, the manager and land agent of the appellant. But there was nothing to show that in making such selection Rice was acting for the appellant, or that the appellant had any interest whatever in the selection made. There was a recital in a letter or decision of the commissioner of the general land office received in evidence, over objection, to the effect that the Santa Fe Pacific Railway Company had conveyed the land to the appellant, but such recital was not evidence for or against either of the parties to this action. .

From statements appearing in the record, we infer that the court below directed a judgment on the theory that, independent of contract, it was the duty of the appellant to notify the general land office that it was the successor in interest of Richardson and the respondents, and to take all necessary steps to perfect the Richardson entry, or notify the respondents or Richardson so to do, and that by reason

of its failure and neglect in this regard, it was barred of a recovery in this action. We do not understand that such is the law or that any such duty rests upon the grantee named in a warranty deed. If the appellant had notice of the defect in the Richardson proof, it would perhaps be its duty to cure the defect, or at least notify the respondents thereof, but the obligation to perfect the title rested upon the respondents and not upon the appellant, unless the appellant assumed that obligation by contract. In the absence of some contract or agreement requiring it so to do, the appellant violated no duty it owed the respondents by failing to place itself in a position to receive notice of all proceedings in the land office in the matter of the Richardson entry, and such failure was not of itself a defense to the action.

On the second cause of action little need be said. It was shown that the appellant caused the title to another tract of land purchased at or about the same time to be perfected, at the special instance and request of the respondents, and that it paid the sum of $55 therefor. One of the respondents admitted on the witness stand that he had promised to pay the amount, that he delivered the money to his attorney to make payment, and that payment would have been made had it not been for the commencement of this action. While the testimony on the part of the appellant as to the reasonable value of the services rendered was very slight, yet the promise of the respondents to pay the bill supplied any defect in the appellant's proof, and judgment on the second cause of action should have been in favor of the appellant instead of the respondents.

The judgment is reversed, and upon a retrial the appellant will be entitled to a verdict in its favor for the amount of the consideration paid, with legal interest from the date of payment, unless the respondents show by competent proof, either (1) that the appellant agree to look after and perfect the title itself or to notify the respondents or Richardson

so to do, and that the title failed by reason of the appellant's failure to comply with such agreement, or (2) that the respondents were prevented from completing the Richardson entry and perfecting their title by reason of a subsequent selection which was made at the instance of or for the use and benefit of the appellant. On the proof now before the court appellant is also entitled to recover the amount claimed in its second cause of action. Reversed and remanded for a new trial.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, ROOT, and CROW, JJ., concur.