[No. 6391. Decided December 8, 1906.]

AMANDA HAMMOCK, *Respondent*, v. THE CITY OF TACOMA, *Appellant*.[1]

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—KNOWLEDGE OF DEFECT—EVIDENCE—SUFFICIENCY.  Proof that a sidewalk had been constructed for a number of years, and that it had been out of repair and unsafe in places on each side of and near to the place of the accident for more than a year, is sufficient to show constructive notice on the part of the city of the particular defect, although the same was not so apparent that it could be observed by the exercise of ordinary care by one using the walk; since the city's duty to inspect and take notice of its condition, is greater than that of a traveler observing only the surface of the walk.

TRIAL—INSTRUCTIONS.  It is not error to refuse requested instructions that are covered in the general charge.

MUNICIPAL CORPORATIONS—NEGLIGENCE—DEFECTIVE SIDEWALKS— DEFENSES—EXTENT OF WALKS.  In an action for personal injuries sustained through a defective sidewalk, it is not error to exclude evidence of the extent of the walks under the control of the city, to show the diligence of the city, where the contest is over the question as to whether there was any defect at all in the walk, and the walk had been out of repair for more than a year.

[1]Reported in 87 Pac. 924.

APPEAL—DECISION—LAW OF CASE. A decision upon a former appeal that a notice of claim against a city for personal injuries is sufficiently definite, becomes the law of the case, and cannot be reviewed.

TRIAL—MISCONDUCT OF COUNSEL. Where the evidence shows plaintiff's counsel was not present at a certain time and place, it is not prejudicial error for the counsel in argument to the jury to state that fact as a conclusion without stating that the "evidence shows" such fact.

SAME. In an action against a city for personal injuries it is not necessarily prejudicial error, requiring a reversal, for plaintiff's counsel, in replying to comments on the absence of certain witnesses, to state in argument to the jury that they were working for the city and requested not to be called as witnesses, where it does not appear to have in any way affected the result.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered May 10, 1906, upon the verdict of a jury, rendered in favor of the plaintiff, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*C. M. Riddell, R. E. Evans* and *J. W. Quick*, for appellant.

*Govnor Teats*, for respondent.

FULLERTON, J.—The respondent brought this action to recover for personal injuries. In her complaint she alleged that on June 12, 1904, while she was walking along one of the sidewalks in the appellant city in the company of her daughter, the daughter stepped upon a broken board in the walk, or a board which broke under her weight, causing one end of it to raise up; and that she tripped over the raised end of the board and fell to the walk, which fall caused the injuries of which she complains. The city took issue upon the allegations of the complaint, and a trial was had, which resulted in a verdict and judgment in favor of the plaintiff. The city appeals.

The first contention on the part of the appellant is that the evidence was insufficient to justify the verdict; the precise objection being that there was no evidence tending to show

that the city had knowledge prior to the accident, either actual or constructive, of the particular defect that caused the injury. The evidence relied upon by the respondent to show notice on the part of the city was the testimony of certain witnesses who resided in the vicinity of the place of the accident. These witnesses testified that the walk in front of the block where the accident occurred was constructed a number of years prior to the time of the accident, and had been out of repair for more than a year prior thereto; that the stringers supporting the walk were decayed, and in some places entirely gone; that the ends of the boards forming the walk were in many places rotted off, leaving them loose so that they would give way at one end and tilt at the other; and, generally, that the walk was unsafe to travel upon. None of them, however, were able to testify that they had noticed the condition of the walk at the precise place of the injury, and the respondent testified, and the jury found, that the defect at the place was not so apparent as to be observed by the exercise of ordinary care and caution.

It is on this testimony and finding that the appellant bases its contention. It argues that notice of defects in the immediate vicinity of a particular place is not notice of defects at that place; and that if the defect causing the injury was not observable to the respondent by the exercise of ordinary care and caution, it could not be observable to the city officers by the exercise of the same care, and hence the city could not be chargeable with constructive notice under the testimony. But the fallacy of this reasoning lies in the assumption that the degree of care is the same in each instance. A person having a lawful right to travel upon a sidewalk has the right to assume that the walk is in ordinary good repair, and that there is no latent defect which may cause an injury. He is guilty of contributory negligence, therefore, only where he is injured by some patent defect which he could have observed and avoided by the exercise of ordinary care, or by some de-

40—44 WASH.

fect he knows exists in the walk, whether latent or patent, which he did not take ordinary care to avoid. But with the city it is different. It is charged with the duty of keeping its walks in ordinary repair. It must take notice that time and use will destroy sidewalks, no matter how carefully constructed or how safe and secure they may have been when originally constructed. It must not only examine the surface, but the supports, of the walks whenever it has reasonable cause to believe that these supports are getting out of repair. In a word it must exercise that degree of care that common sense declares to be necessary in order to keep its walks reasonably safe for ordinary use.

Tested by these rules, it is apparent that the respondent did not have to prove, in order to charge the city with notice, that the particular plank that caused her injury was so obviously defective that it could have been discovered by the mere observation that a traveler along the walk is required to exercise to avoid injury. On the contrary, proof that the walk had been constructed for a number of years, and that it had been for more than a year out of repair and unsafe in places on each side of and near to the place of the accident, was proof sufficient to charge the city with notice of the condition of the walk at the place of the accident; and being charged with such notice, its failure to repair it, or warn against its use, was such negligence as would render it liable to any one injured by reason of its defective condition who was not himself guilty of negligence which contributed to the injury.

It is next assigned that certain instructions given by the court stated the law too broadly, inasmuch as they authorized the jury to find for the respondent even though they might not find certain other conditions necessary to render the city liable. The particular paragraphs of the charge pointed out might be subject to the criticism made on them were they not qualified by the further instructions of the court. But we find they were so qualified. In an instruction given al-

most immediately following the instruction complained of, the court stated the limitation on the city's liability in almost the very language counsel insists it should have been stated. This was enough.    It is not necessary that each paragraph of the court's charge contain the limitations and modifications of the general rules announced.    To do so usually leads to prolixity which tends rather to confuse the jury than to enlighten them.

It is next complained that the court erred in refusing to permit the assistant city engineer to testify to the extent of the sidewalks within the city of Tacoma under its control. But we think there was no error in this ruling.    In cases where the defect causing the injury is of recent origin, and it is sought to charge the municipality liable for the defect with constructive notice, it has sometimes been held that it was proper to show the length of the walks under the control and supervision of the municipality for the purpose of showing whether the municipality ought, in the exercise of reasonable diligence, to have discovered and remedied the defect in the limited time elapsing between the origin of the defect and the injury, but such a showing could not have enlightened the jury in this case.    The contest here was over the question whether in fact any defect existed at all.    If the respondent's witnesses were to be believed, it stood as a matter of law that the city officers were negligent; while on the other hand, if the city's witnesses were to be believed, there was no liability in any event.    In such a case, evidence that the length of the sidewalks was great or little could not affect the case one way or the other.

It is next insisted that the notice of the injury given the city was not sufficiently definite in its description of the place of the accident.    But this is the very question, and the only question, decided by this court when the case was before it on the former appeal.    *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893.    The decision at that time holding the notice

sufficient became the "law of the case," and the court cannot now properly review it, whether right or wrong. *Wilkes v. Davies*, 8 Wash. 112, 35 Pac. 611, 23 L. R. A. 103; *Furth v. Snell*, 13 Wash. 660, 43 Pac. 935.

On the trial the appellant introduced two witnesses for the purpose of showing that the daughter of the plaintiff, in pointing out the place of injury to her attorney, located the place in front of a block some distance from the place it was claimed in the notice and complaint that the accident occurred. In rebuttal of this, the daughter was recalled, and testified that she was not at the place mentioned with the respondent's attorney at the time the appellant's witnesses testified they saw them there; testifying further in that connection that she was there with the attorney for the first time just preceding the former trial, which occurred in March, 1905, while the appellant's witnesses testified that they saw her there in the month of June or July in the year before. On the argument, commenting on this evidence, the attorney said: "As to myself being out there, I wish to state simply that the witnesses are mistaken; their identification is off; I never was on that ground until February, 1905." This statement was objected to on the ground that it was making use of facts within the personal knowledge of the attorney not justified by the evidence. But plainly the attorney stated nothing the evidence did not justify. He might have made the statement less personal by using the phrase, "The evidence shows," or one of a similar nature, but because he stated the conclusion in direct language is not cause for reversing the judgment.

In the course of the trial, it was shown that a Mr. Bradshaw, the husband of the respondent's daughter, and a Mr. Williams, a son of the respondent, were witnesses to certain transactions connected with the respondent's injury. They were not called as witnesses, and this fact was commented on

by the city's attorneys in their argument to the jury. In reply thereto the respondent's attorney used this language:

"I knew when counsel came to argue this cause they would say where is Bradshaw, the husband of Mrs. Bradshaw, and where is the son of Mrs. Hammock. I will tell you where. These people are poor, they look like it. Since they commenced this action they have got lucrative positions in the city of Tacoma and they asked me that if it was not necessary to corroborate the testimony of their mother and sister, not to call them because of their positions, and I did not do so. That is where they are."

It is said that this exceeded the line of legitimate argument, and requires a reversal of the case. We do not think, however, that such an extreme penalty should be visited on the respondent. Jurors are generally men of intelligence, and usually distinguish clearly between facts that are matters of evidence and facts stated by counsel in the course of the argument, and we do not think they were misled in this instance. The court however does not wish to be understood as sanctioning this line of argument. We recognize it as error, but refuse to reverse the case because we do not think in this instance it in any way affected the result of the trial.

The judgment appealed from is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.