[No. 7560.    Decided May 13, 1909.]

MENASHA WOODEN WARE COMPANY, *Appellant*, v.
PETER NELSON *et al.*, *Respondents.*[1]

APPEAL—DECISION—LAW OF CASE. A decision on appeal becomes
the law of the case on a retrial.

COVENANTS—ACTION FOR BREACH—DEFENSES. In an action on a
covenant of general warranty of public lands, applied for by the
grantor, but for which patent had not issued, it would be a good
defense to the action if the grantee, knowing the conditions, upon
consideration, agreed to perfect and complete the title, and the title
failed through his neglect and default.

TRIAL—INSTRUCTIONS. It is not error to refuse a request for an
instruction that is covered by another instruction.

Appeal from a judgment of the superior court for Spo-
kane county, Poindexter, J., entered November 27, 1907,
upon the verdict of a jury rendered in favor of the defend-
ants, in an action on contract. Affirmed.

*Belden & Losey*, for appellant.

*P. C. Shine*, for respondents.

MOUNT, J.—Action to recover upon a warranty of title
contained in a deed of real property. This is the second ap-
peal in this case. Upon the other appeal, where the case was
taken from the jury and judgment rendered in favor of the
defendants, we held that the judgment should have been ren-
dered in favor of the plaintiff for $55 upon the second cause
of action, and that upon the first cause of action the judg-
ment should be reversed, and the cause was remanded for a
new trial. The facts are fully stated in the other appeal (45
Wash. 543, 88 Pac. 1018), and it is unnecessary to restate
them here. We there said:

"Upon a retrial the appellant will be entitled to a verdict in
its favor for the amount of the consideration paid, with legal
interest from the date of payment, unless the respondents
show by competent proof, either (1) that the appellant

[1]Reported in 101 Pac. 720.

agreed to look after and perfect the title itself or to notify the respondents or Richardson so to do, and that the title failed by reason of the appellant's failure to comply with such agreement, or (2) that the respondents were prevented from completing the Richardson entry and perfecting their title by reason of the subsequent selection which was made at the instance of or for the use and benefit of the appellant."

The case went back, and was retried by the court and a jury. Upon this retrial, the defendant relied almost wholly upon the first alternative. The jury returned a verdict in favor of the defendants, and the plaintiff has again appealed.

Several errors are assigned, but the appellant argues but three of them, to the effect (1) that this court in the other appeal laid down a rule permitting oral evidence to vary the terms of the deed; (2) that there was no evidence of any consideration moving the appellant to perfect the title in itself; and (3) that the court should have given an instruction requested by the appellant as follows:

"The court instructs the jury that the plaintiff or its agents had a right to lay scrip upon the property in question at any time after the Richardson scrip had been cancelled in 1902, and its doing so would not relieve the defendants from the liability on their warranty, if the defendant Thomas Dunn only agreed to notify defendants of defects if he heard of any, and if he did not hear of such defects until the last of the year 1905."

On the other appeal we did not lay down the rule that parol evidence might be heard to vary the terms of the deed; but, even if we did do so, the decision on that appeal became the law of this case. The defense relied upon was that the appellant, knowing the condition of the title and as part of the consideration for the deed, agreed to look after and perfect the title, and that it negligently failed to do so or to notify respondents so that they might do so; and for that reason only the title failed. There is no question about the condition of the title. The appellant or its agent was fully advised thereof. The title was not complete in respondents, be-

cause a patent had not issued from the United States. All other steps had been taken and were regular, so far as was known, and nothing apparently was to be done except to await the issuance of the patent. When this patent came to be issued, it appeared that certain revenue stamps had been omitted from the deed from the railway company to its grantee, or at least such stamps were not shown on the abstract of conveyances, and the land department required this omission to be explained or corrected within a certain time. The notice sent out by the land department was not received by the respondents, and the entry was cancelled. If the appellant as a part consideration for the deed agreed and undertook to complete the title knowing the conditions, and the title failed through its negligence or default, it is clear the respondents would not be liable on a general warranty. 17 Cyc. 655; *Windsor v. St. Paul etc. R. Co.*, 37 Wash. 156, 79 Pac. 613. On this point, in the other appeal, we said, at page 546 of 45 Washington:

"No attempt is here made to contradict the terms of the deed. The effect of the agreement and its nonperformance, if proved, is merely to show that the title failed through the neglect and default of the appellant, and this the respondents had a right to do."

We think there is sufficient evidence in the record upon which to base a finding that there was an agreement of the kind stated as a part of the consideration for the deed.

Referring now to the point with reference to the instruction, the court instructed the jury that

"There is a *prima facie* case made out by the plaintiff in this case, the Menasha Wooden Ware Company, that would entitle them to recover whatever sum the jury finds they are entitled to as damages in this case, unless as against that *prima facie* case the defendant has succeeded in establishing . . . that the Wooden Ware Company agreed to notify them of any defect in the title and perfect it themselves," etc.

In view of this instruction, it was not error to refuse the instruction requested upon which appellant now bases error,

because the instruction given by the court required a verdict for the appellant in any event, unless the defense was proven. For that reason it was unnecessary for the court to give the requested instruction.

We find no error in the record. The judgment must therefore be affirmed.

RUDKIN, C. J., CROW, CHADWICK, DUNBAR, and FULLERTON, JJ., concur.