[No. 14386. Department One. March 22, 1918.]

ANDREW PETERSON *et al., Respondents,* v. DENNY-
RENTON CLAY & COAL COMPANY, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS.   Where it cannot be said of con-
flicting evidence that it does not preponderate against the findings,
the findings will not be disturbed on appeal.

APPEAL—DECISION—LAW OF CASE.   A decision on a former appeal
that the basis of settlement of a claim for brick sold was $13.75 per
thousand less a rebate of fifty cents, and that tender thereof was
sufficient, becomes the law of the case, and conclusive on a retrial.

Appeal from a judgment of the superior court for
King county, Albertson, J., entered October 16, 1916,
upon findings in favor of the plaintiffs, in an action on
contract, tried to the court.   Affirmed.

*Ballinger, Battle, Hulbert & Shorts,* for appellant.

*John W. Roberts* and *C. B. White (Roberts, Wilson
& Skeel* and *Lee Johnston,* of counsel), for respondents.

WEBSTER, J.—This case is now before the court for
the second time.   A complete statement of the facts
will be found in the former opinion (*Peterson v. Denny-
Renton Clay & Coal Co.,* 89 Wash. 141, 154 Pac. 123)
and need not be repeated.   It was there held that the
shipping order in question expressed the true contract
between the parties and excluded the reception of parol
evidence for the purpose of varying or contradicting
its terms.   This contract provided for the delivery of
"Highway Paving Brick" at the stipulated price of
$17.25 per thousand.   Upon the former trial in the court
below, the purchaser was denied the right of showing
that the brick actually furnished was not highway pav-
ing brick, but was of the grade known as No. 2 brick,
which, according to the seller's price list, was of the

[1]Reported in 171 Pac. 543.

value of $13.75 per thousand. For this error, the judgment was reversed, this court holding that the purchaser was entitled to prove that the article delivered was not the article contracted for, but one of inferior quality and less value.

The cause was remanded for a trial of this issue—the quality of the brick actually furnished—the amount thereof not being in dispute. Upon the retrial before the court without a jury, the respective parties submitted their evidence upon this issue, and the court, with the consent of all parties, made a personal examination of the premises. Thereafter findings were made to the effect that the brick furnished was No. 2 brick, and judgment in favor of Peterson and his surety was entered accordingly, from which Denny-Renton Clay & Coal Company has appealed.

It is first contended that the court erred in finding that the brick furnished was not of the quality stipulated in the contract. With respect to this question of fact, we have made a careful and painstaking examination of the voluminous record, including the numerous exhibits submitted—the statement of facts alone covering 690 pages. The evidence is in sharp and irreconcilable conflict and we cannot, without unduly extending this opinion to no purpose, enter upon a detailed analysis thereof. It is sufficient to say that, from our investigation, we are unable to conclude that the findings of the trial court are not sustained by a preponderance of the evidence. We have repeatedly held that, upon a close question of fact, the judgment of the trial court is entitled to weight and will not be set aside unless we can say that it is not sustained by a preponderance of the evidence.

It is next insisted that, if it be assumed that the brick furnished was of the No. 2 grade, the court erred in deducting from the list price a rebate of fifty cents

per thousand, it being contended that the rebate was only allowable upon highway paving brick at $17.25 per thousand. By reference to the former opinion, in which the shipping order is set forth in full, it will be seen there is no mention made of any rebate. It is admitted that, contemporaneously with the making of the written contract, it was orally agreed that Peterson should be allowed a rebate of fifty cents per thousand on the brick furnished. No evidence was taken concerning the terms of this oral agreement, and we have no means of knowing whether the rebate was limited to highway paving brick at the stipulated price, or related to such brick as was actually furnished by the seller. In the answer and cross-complaint of Denny-Renton Clay & Coal Company, it is alleged that Peterson had paid on account of the brick the sum of $25,215.90, which amount, it now appears, included a rebate of fifty cents per thousand on the brick delivered. Upon the first trial in the lower court, Peterson admitted a balance due for the brick and tendered that amount to Denny-Renton Clay & Coal Company, which amount was calculated on the basis of No. 2 brick at the list price, less a rebate of fifty cents per thousand. Upon the former appeal, we said:

"A price list of the respondent was introduced in evidence showing the price of No. 2 brick as $13.75 per thousand, and the amount tendered by Peterson would be the correct amount due the respondent for the brick delivered if it was No. 2 brick."

Thus, it will be seen, this court finally determined on that appeal that the true basis of settlement for No. 2 brick was $13.75 per thousand less the rebate, and that the tender made by Peterson was sufficient in amount. Such holding is the law of this case and precludes appellant from now insisting that the calculation should be made upon a different basis, or that the tender was

insufficient.   As we have already noted, the only issue to be determined upon the retrial was the quality of the brick actually furnished, and this seems to be the theory upon which the cause was tried.   In the memorandum opinion of the trial court with which we are favored, it is said:

"It was stipulated by all parties at the trial that 3,823,900 brick had been furnished to and accepted by Peterson in his construction of the highway.   It was likewise stipulated that, prior to the commencement of the action, Peterson paid to the Denny-Renton Clay & Coal Co. on account of this brick the sum of $25,215.90 in cash, and that thereafter and prior to the filing of any pleading or the cross-complaint by the Denny-Renton Clay & Coal Co. in this action, Peterson tendered to the Denny-Renton Co. the sum of $27,500 which he claimed to be in full of his entire indebtedness on account of this brick.   It was likewise stipulated that this sum was afterwards in fact paid, prior to the trial of this action, to the Denny-Renton Co. without prejudice to the further prosecution of the action.   Peterson and his surety contend that these payments fully satisfied the indebtedness under the shipping order.   The Denny-Renton Co. contends that, even though the brick furnished was in fact No. 2 brick instead of highway paving brick, the price to be paid therefor was $13.75 per thousand.   Peterson and his surety contend that, from this charge of $13.75 per thousand for No. 2 brick, there should be deducted a rebate of fifty cents per thousand.   Of course, unless this rebate of fifty cents per thousand should be allowed Peterson, the Denny-Renton Co. would be entitled to a judgment for the amount of this rebate.   The main bone of contention in this case at the trial was whether the brick furnished was highway paving brick or No. 2 brick.   If there was any contention that the amount of the tender by Peterson, on the theory that he was furnished with No. 2 brick, was insufficient I cannot recall it.   It was the impression upon my mind throughout the trial that the quarrel was not as to the amount of the tender on that

theory, but as to the quality of the brick. That a rebate of fifty cents per thousand on the schedule price was to be allowed for whatever brick was furnished under the shipping order seems to have been the common understanding."

Our examination of the record convinces us that the observations of the trial court are correct.

Some further contention is made that interest had not been correctly calculated, and, for that reason, the tender was insufficient. But from what has already been said, it is apparent that this contention also is foreclosed by the former opinion, in which it is expressly held that the tender was sufficient.

When the trial court found that the brick furnished was not highway paving brick, but was, in fact, No. 2 brick, the entire controversy was determined. We do not feel justified in disturbing this finding. The judgment is therefore affirmed.

ELLIS, C. J., PARKER, MAIN, and FULLERTON, JJ., concur.