[No. 20612.   Department One.   May 10, 1927.]

THE STATE OF WASHINGTON, *on the Relation of L. J. Tefft, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

[1] CONTEMPT (1) — PROHIBITION (5) — NATURE AND ELEMENTS OF CONTEMPT—REMEDY BY APPEAL—PROCEEDINGS IN CIVIL ACTIONS. A proceeding in equity in aid of original jurisdiction, to enforce an order requiring the relator to execute a deed, by an alternative order that he be punished for contempt, does not change the proceeding to one of criminal contempt; and prohibition will not lie, where no appeal has been taken to review the merits.

Application for a writ of prohibition, filed in the supreme court April 13, 1927, to prohibit the superior court for Spokane county, Leavy, J., from enforcing its judgment against him.   Denied.

*E. B. Quackenbush,* for relator.

*Edward M. Connelly* and *Turner, Nuzum & Nuzum,* for respondent.

PER CURIAM.—This is an original application for a writ of prohibition, on the relation of L. J. Tefft. Heretofore this court affirmed a judgment of the superior court requiring him to make conveyances of real property he held in trust for those whose estates were being administered in this case by the superior court through a receiver.   *Elsom v. Tefft,* 140 Wash. 586, 250 Pac. 346.   Thereafter he, failing and refusing to make conveyances, was, upon petition in the superior court, ordered to show cause why he should not do so.   He answered making objections which were overruled.   He thereafter answered the show cause order by setting

¹Reported in 255 Pac. 1026.

up matter consisting mostly of the same things that had been decided against him on his former appeal to this court. The trial court granted a motion to strike the answer as sham and frivolous, and at the same time sustained a general demurrer to it. The court ordered that he execute and deliver the deeds on or before a specified date, nine days after the date of the order, or he would be punished for contempt. In the meantime, these proceedings were commenced in this court.

[1] On behalf of the relator, attempt has been made to inject into the case things pertinent only to the merits, as though the case were here on appeal. No appeal has been taken, so far as the record shows. The only question properly before us is the question of procedure of the trial court. Counsel for the relator treats the case as one of contempt—that is, criminal contempt—and asserts that the procedure provided for such cases has not been substantially followed. In this we think counsel is in error. It is not a contempt proceeding in that sense of the term, but it is a proceeding in a court of equity in aid of its original jurisdiction, in which the court is seeking to enforce its original decree or judgment. The last order, now objected to by the relator, in no way changed the nature of the proceeding from one of equitable to one of criminal cognizance. The practice followed by the trial court is provided for by statute and has been recognized by this court. *Wright v. Suydam,* 79 Wash. 550, 140 Pac. 578; *Poland v. Poland,* 63 Wash. 597, 116 Pac. 2.

Writ denied.