[No. 20836.   Department Two.   December 2, 1927.]

HARRY CANNON, *Respondent,* v. SEATTLE TITLE TRUST COMPANY, *Appellant.*[1]

[1] APPEAL (473)—SUBSEQUENT APPEALS—FORMER DECISION AS LAW OF CASE. A decision on a former appeal that plaintiff's evidence was sufficient to sustain a recovery becomes the law of the case upon a retrial, and is binding on the supreme court on a second appeal, whether correct or not.

[2] TRIAL (55-2) — TAKING CASE OR QUESTION FROM JURY — WITHDRAWAL OF PARTICULAR ISSUES — MATHEMATICAL CALCULATIONS. Where, in a usury case, the amount of any recovery was purely a matter of mathematical tabulation, the determination of the amount should not be left to the jury, who are properly instructed that any verdict for the plaintiff must be in that amount.

Appeal from a judgment of the superior court for King county, Campbell, J., entered June 22, 1927, upon the verdict of a jury in favor of the plaintiff, in an action to recover for usury. Affirmed.

*Roberts & Skeel,* for appellant.

*Tucker, Hyland & Elvidge,* and *Stephen V. Carey,* for respondent.

ASKREN, J.—This is an appeal from a judgment of the court after verdict by jury in favor of the plaintiff in the sum of $2,772.29, in an action to recover usurious payments.

This case was before us recently. (*Cannon v. Seattle Title Trust Co.,* 142 Wash. 213, 252 Pac. 699.) Reference may be made thereto for the facts of the action which, briefly stated, involved dealings between the parties whereby Cannon delivered a mortgage to the appellant and received $32,000 in cash. Later on, he received the mortgage back upon payment of $34,-

[1]Reported in 261 Pac. 642.

000. Whether the transaction was a loan or a sale with option to re-purchase was the big question in the case. After the evidence was all in at the first trial, the court sustained an objection to its sufficiency and the case was dismissed. Upon appeal, we held the evidence was sufficient to go to the jury and reversed the trial court. Upon retrial, the jury returned a verdict for the plaintiff.

[1] It is urged upon this appeal that there was insufficient evidence; that the evidence was not of that clear and convincing kind required in this class of cases, and that the court should have sustained the challenge thereto. We have examined the record and conclude that the evidence was substantially the same as that offered or proved at the former trial which we held sufficient. Whether our opinion in the former decision conflicts in any respect with our earlier decision in *Wakefield v. Greenway,* 141 Wash. 204, 251 Pac. 112, 256 Pac. 503, as appellant apparently contends, becomes immaterial in view of the fact that the former decision made the law of this case and is binding upon the parties. *Buell v. Park Auto Transportation Co.,* 138 Wash. 678, 244 Pac. 992; *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157.

[2] Error is also claimed because the court instructed the jury that, if they found a verdict for the plaintiff, it should be in the amount of $2,772.29, and did not leave the jury to determine the amount. The amount was purely a matter of mathematical tabulation. If the respondent was entitled to recover at all, that was the exact amount he was entitled to under the law, and there was no issue upon it to be decided by the jury. *McCush v. Whatcom Timber Co.,* 139 Wash. 314, 246 Pac. 933.

If the jury found for the plaintiff and failed to fill in the amount of recovery the court might well have

done so, since a recovery in any other amount would have been contrary to law.

Many assignments of error are specified against the refusal of the court to give a number of instructions. We have carefully read those given by the court, and those refused. The jury were fairly instructed and further instructions would have tended only to confuse, rather than enlighten, them.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.