[No. 20870.   Department Two.   June 20, 1928.]

R. W. ELSOM *et al.*, *Plaintiffs*, v. L. J. TEFFT *et al.*,
*Defendants*, *Appellant*.   T. T. GRANT,
*Respondent*.[1]

[1] APPEAL (473)—SUBSEQUENT APPEAL—LAW OF CASE.  A decision
on appeal that a contempt proceeding was based upon a valid
judgment, with jurisdiction, is conclusive on a second appeal.

[2] COURTS (32)—RULES OF COURT—EFFECT.  Rules for hearing mo-
tions on a regular law-day do not have the force of substantive
law, or prevent a hearing at a time fixed by the court, if no
prejudice results.

Appeal from a judgment of the superior court for
Spokane county, Leavy, J., entered June 1, 1927, ad-
judging the defendant Tefft in contempt of court.
Affirmed.

*E. B. Quackenbush*, for appellant.

*Turner, Nuzum & Nuzum* and *Edward M. Connelly*,
for respondent.

PER CURIAM.—This is an appeal from a judgment
for contempt, pronounced against the appellant Tefft
in the superior court of Spokane county, because of
his refusal to obey an order of the court, directing him
to convey to the Sandon Silver-Lead Mining Com-
pany, Limited, a corporation, an interest in certain
mining claims, the legal title to which the appellant
holds as a trustee.   Prior to the judgment for con-
tempt, the matters of difference between the parties
had been adjudicated by the court, and an order en-
tered directing the conveyance to be made.   On appeal
to this court, the judgment and order were affirmed.
*Elsom v. Tefft*, 140 Wash. 586, 250 Pac. 346.   See also

[1]Reported in 268 Pac. 177.

*State ex rel. Tefft v. Superior Court,* 143 Wash. 677, 255 Pac. 1026.

[1]   The appellant has made an extended argument in an effort to show that the judgment on which the contempt proceedings were based was void for want of jurisdiction in the court pronouncing it. But we find no necessity for following the argument at length. The question was before the trial court in the original action, and before this court on the appeal from the judgment rendered in that action, and was necessarily therein decided. This, as the appellant argues, is not conclusive of the question. No doubt a court of final resort has the power, and no doubt it is its duty, to ignore or refuse to recognize a judgment it has pronounced without having jurisdiction of parties to the cause and of the subject-matter it determines, but such is not the situation here. The principal questions, if not all of the questions, the appellant now urges as showing want of jurisdiction, were there presented and directly passed upon, and we have no doubts as to the correctness of the conclusions reached.

[2]   The remaining questions relate to the immediate proceedings. The appellant moved against and demurred to the application made to the trial court requiring the appellant to show cause why he should not be punished for refusing to comply with its order. The hearing on the motion and demurrer was set for a time other than the regular law-day fixed by the rules of the court. The appellant objected to the hearing on that ground, and complains of the order of the court refusing to sustain the objection. But rules of this sort are intended to further orderly procedure and expedite the business of the court, and they have not the force and effect of substantive law. Whether the court will deviate from them is a matter within its discretion. The party objecting may com-

plain, if the failure to follow the rule works to his injury, but we find nothing of that sort in the present record.

The other objections on this score are founded on contentions determined against the appellant in the principal action, and are not subject to review in this proceeding. The order is affirmed.