[No. 22366. Department Two. June 12, 1930.]

A. McGILL, *Respondent*, v. J. B. BAKER, *et al., Appellants.*[1]

*Grady & Velikanje* and *D. V. Morthland,* for appellants.

*Richards, Gilbert & Conklin,* for respondent.

FRENCH, J.—Respondent brought this action to recover from appellants certain moneys which he claimed to have advanced to one McDonald, and also to recover certain damages. When the cause was first tried in the lower court, at the close of respondent's case, a judgment of dismissal was entered, and appealed to this court, where the judgment was reversed. (*McGill v. Baker,* 147 Wash. 394, 266 Pac. 138). There-

[1]Reported in 288 Pac. 1062.

after the case was called again for trial, and it was stipulated that:

". . . the plaintiff offers in evidence the statement of facts in the first trial of this case, on February 8, 1927, as his evidence, and testimony in the second trial of this case, together with all the record and exhibits, to be considered as though the witnesses were called and were again sworn and testified and the exhibits introduced in the same manner."

On the first trial, all of the present appellants had been called as witnesses and had testified fully as to the transaction. In the instant case, the trial court stated in his memorandum opinion:

"I have read the testimony given in the first case, as well as the extensive notes taken by me on the second trial, and I can see nothing added by the second trial. It will be recalled that each of the defendants were called as a witness by the plaintiff. The testimony given by the defendants as witnesses called by the plaintiff covers all of the ground embraced in their testimony as witnesses on their own behalf. So, if, under the testimony given at the first trial, it followed that they had assumed the contract, a different conclusion cannot now be reached."

We have compared the evidence introduced at the first trial with that given at the second trial, and agree with the conclusion of the trial court. The rule seems to differ in various jurisdictions as to whether or not questions considered and determined by the court on a first appeal will be again considered on a second appeal, but we are committed to the rule that, whether right or wrong, the first decision becomes the law of the case, and will not again be reviewed. This rule was first laid down in *Wilkes v. Davies,* 8 Wash. 112, 35 Pac. 611, 23 L. R. A. 103, and has been followed by other decisions of this court including *Hammock v. Tacoma,* 44 Wash. 623, 87 Pac. 924, where this court said:

"But this is the very question, and the only question, decided by this court when the case was before it on the former appeal. *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893. The decision at that time holding the notice sufficient became the 'law of the case,' and the court cannot now properly review it, whether right or wrong. *Wilkes v. Davies*, 8 Wash. 112, 35 Pac. 611, 23 L. R. A. 103; *Furth v. Snell*, 13 Wash. 660, 43 Pac. 935."

The record in the present case being, as we have said, substantially the same as was the record before us at the time of our prior decision, we are bound by our prior holding, and will not re-examine the questions there decided.

Appellant urges that certain evidence offered in the instant case was improperly rejected. In presenting this assignment of error, only two specific examples of rejected testimony are called to our attention. An examination of the statement of facts indicates that in one instance the testimony offered was thereafter admitted, and in the second instance we think the testimony as offered was purely hearsay and inadmissible.

Being bound by our prior decision, the judgment is affirmed.

MITCHELL, C. J., and MAIN, J., concur.

FULLERTON, J. (concurring) — On the question whether the record in the case before us presents a situation for the application of the doctrine known as "the law of the case," I have some doubt. However, I am of the opinion that the judgment is right from the standpoint of the merits, and for this reason I concur in the conclusion reached by the majority.

HOLCOMB, J., concurs with FULLERTON, J.