[No. 23695. Department One. August 25, 1932.]

SHELL OIL COMPANY, *Appellant,* v. JOHN W. HENRY et al., *Respondents and Cross-appellants.*[1]

[1]Reported in 14 P. (2d) 32.

*Hyland, Elvidge & Alvord* and *Lafe H. Bond,* for appellant.

*Grady & Velikanje* and *Stanley P. Velikanje,* for respondents and cross-appellants.

MITCHELL, J.—This action was brought by the Shell Oil Company against John W. Henry and Vernon Henry, individually, and doing business as a partnership under the trade name of J. W. Henry & Son and Four Way Filling Station, to recover on account of gasoline sold and delivered for the operation of a gasoline service station. The defendants set up counterclaims for moneys claimed to be owing to them growing out of their handling the gasoline, in excess of the amount plaintiff sued for; to which counterclaims plaintiff replied, in effect, that the items involved in the counterclaims had been included in accounts stated that were voluntarily paid by the defendants.

At the trial to a jury, the defendants admitted they had not paid for the goods mentioned in the complaint. At the conclusion of defendants' testimony on their counterclaims and at the conclusion of all the testimony in the case, plaintiff's respective motions to dismiss and for a directed verdict against the counterclaims were denied. There was a verdict for the plaintiff, no allowance being made for any portion of the counterclaims. The defendants filed a motion for judgment for their counterclaims notwithstanding the verdict, and also a motion for a new trial. The first motion was denied, the second one was granted. Plaintiff has appealed from the order granting a new trial. The defendants have appealed from the denial of their motion for judgment notwithstanding the verdict.

██ Upon the plaintiff's appeal, one of the grounds in the motion for a new trial was that the evidence was insufficient to justify the verdict and that the verdict is against the law. The order granting the motion is in general terms. Appellant admits the established rule that the granting of such an order for a new trial involves the discretion of the trial court, and that such order will not be disturbed except there has been an abuse of discretion, which it is claimed is the case here. Counsel admit in their brief that the trial judge, on considering the motion for a new trial and at the time of entering the order granting it, expressed in writing the view that the verdict "was against the weight of the evidence." We have examined the evidence in the case, and find that it is conflicting in important respects; and upon considering the whole of it, we find nothing to indicate abuse of discretion on the part of the trial court in granting the new trial. *Field v. North Coast Transporation Co.,* 168 Wash. 515, 12 P. (2d) 749.

██ Nor was there any error in denying appellant's motions to take the counterclaims from the consideration of the jury, or the issue of payments upon accounts stated. It appears from the record that there was a conflict in the evidence in these respects, sufficient to take the case to the jury.

Upon the cross-appeal by the defendants, the same conflict in the testimony in essential particulars prevents us from holding, as a matter of law, that the counterclaims were established.

Affirmed, as to both appeals. Neither party will recover costs in this court.

TOLMAN, C. J., PARKER, STEINERT, and HERMAN, JJ., concur.