SHELL OIL COMPANY, *Appellant,* v. JOHN W. HENRY *et al., Respondents.*[1]

*Hyland, Elvidge & Alvord,* for appellant.

*Grady & Velikanje* and *Stanley P. Velikanje,* for respondents.

TOLMAN, J.—This case was once before in this court. *Shell Oil Co. v. Henry,* 169 Wash. 438, 14 P. (2d) 32. The former appeal was prosecuted by the plaintiff (appellant here) from an order granting a new trial on motion of the defendants. The judgment was there affirmed, and this court said:

"We have examined the evidence in the case, and find that it is conflicting in important respects; and upon considering the whole of it, we find nothing to indicate abuse of discretion on the part of the trial court in granting the new trial. *Field v. North Coast Transportation Co.,* 168 Wash. 515, 12 P. (2d) 749.

"Nor was there any error in denying appellant's motions to take the counterclaims from the consideration of the jury, or the issue of payments upon accounts stated. It appears from the record that there

[1]Reported in 27 P. (2d) 582.

was a conflict in the evidence in these respects, sufficient to take the case to the jury.''

After the going down of the remittitur, a new trial was had to a jury, which found for the defendants upon one cause of action set up by cross-complaint and in favor of the plaintiff on the remaining two causes of action. On motion, the trial court granted judgment n. o. v. on the two causes of action, and entered judgment in favor of the defendants upon all three of the causes of action set up in their cross-complaint. Plaintiff has appealed from that judgment.

After the former decision, this court again considered similar questions in *Jewell v. Shell Oil Co.*, 172 Wash. 603, 21 P. (2d) 243; *Robinson v. Shell Oil Co.*, 172 Wash. 611, 21 P. (2d) 246; and *Searl v. Shell Oil Co.*, 172 Wash. 621, 21 P. (2d) 249.

The *Robinson* case is identical in its controlling facts with the case at bar. With the exception of names, places, dates and amounts, the facts of the *Robinson* case might very well stand as a statement of facts in this case.

The same questions were presented in *Shell Oil Co. v. Wright*, 167 Wash. 197, 9 P. (2d) 106, though, perhaps, they were there a little less clearly defined, but the *Robinson* case is based upon and follows the ruling of the *Wright* case.

We are convinced that if, as respondent here contends, our former decision in this case that the facts in evidence were sufficient to take the case to the jury is the law of the case, then that law has been overruled by the *Robinson* case.

In the concluding part of the *Robinson* case, this court said:

''The contract was not ambiguous. The price fixed by the contract is plain, definite. Fraud was not alleged or proved. Clearly, it is unnecessary to cite au-

thority to sustain the conclusion logically following that the trial court erred in admitting evidence relative to the 'wholesale price' of the gasoline, and testimony that respondents were told when signing the contract that they would be 'kept competitive.' The parol evidence rule may not thus be violated and an unambiguous contract thereby rewritten.

"The trial court should have sustained the appellant's motion to dismiss the action."

All of that is applicable here, though it is now argued that there was an issue of fraud in this case. Let us see. No fraud was pleaded in the cross-complaint. If any evidence tending to show fraud was admitted, it was erroneously admitted over objection, under the rule of the *Robinson* case. If, therefore, our previous decisions already cited are to stand as the law of this state, the judgment must be reversed, and, accordingly, the judgment is reversed, with directions to dismiss the cross-complaint and enter judgment for appellant as demanded in its complaint.

HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.

BEALS, C. J. (concurring)—Following the doctrine of *stare decisis,* I concur in the foregoing opinion.