[No. 37296. En Banc. May 20, 1965.]

DAVID R. GREENE, *Respondent,* v. W. R. ROTHSCHILD *et al.,*
*Appellants,* YELLOW CAB SERVICE, INC., *et al.,*
*Defendants.**

*Reported in 402 P.2d 356.

*Little, Gandy, Stephan, Palmer & Slemmons,* for appellants.

*Vaughn E. Evans,* for respondent.

ROSELLINI, C. J.,—This case has been before this court before. *Greene v. Rothschild,* 60 Wn.2d 508, 374 P.2d 566. With regret we have concluded that it was erroneously remanded for a new trial, and it is our uncomfortable duty to reverse that determination and dismiss the action.

The plaintiff was a paying passenger in a taxicab and was injured in an intersection collision. He brought suit against the driver of the other vehicle involved in the collision and against Jay Scott Yellow Cab Co., Inc. (the corporation owning the taxicab), Yellow Cab Service, Inc. (the corporation which services the over-all operations of Yellow Cab taxicabs in Seattle), and a group of individuals in partnership doing business under the assumed name of Yellow Cab Company. The partnership had formerly owned the taxicab but had sold it to Jay Scott Yellow Cab Co., Inc. on a conditional sale contract.

Jay Scott Yellow Cab Co., Inc. and Yellow Cab Service, Inc. admitted that the driver of the taxicab was acting as their agent at the time of the collision. The driver of the other vehicle defaulted, thus admitting liability. The jury was instructed that it should find against the defendants Jay Scott Yellow Cab Co., Inc. and Yellow Cab Service, Inc. only if it found that the driver of the taxicab was guilty of contributory negligence. It returned a verdict in favor of the defendants.

The trial court had held, after the evidence was presented that the plaintiff had failed to show that Yellow Cab Company was a principal or master of the driver and had dismissed that company from the action. The plaintiff appealed, contending that the taxicab driver was negligent as a matter of law, that the court erroneously submitted the emergency issue to the jury, and that the court erroneously refused to instruct the jury concerning the alleged impaired driving ability of the operator of the taxicab.

We held that none of these contentions had merit and upheld the verdict exonerating the driver; but we sustained the plaintiff's contention that the court was in error in dismissing Yellow Cab Company as a defendant. On remand for a new trial, the jury found that the accident was caused by the negligence of the taxicab driver and that he was the ostensible agent of the appellant Yellow Cab Company. (The driver of the other vehicle, who did not testify at the first trial, took the stand and stated that he entered the intersection with the green light. This testimony was evidently believed by the second jury).

 This court made an improper disposition of the case on the first appeal, when it failed to recognize that any error in dismissing the alleged "apparent" principal was harmless, inasmuch as we had sustained the jury's verdict in favor of the admitted principals. The cause should not have been remanded for a new trial.

In Restatement, Judgments § 99, p. 493, we find the following rule:

A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity.

In a comment to this section, it is said:

The rule stated in this Section . . . involves a situation in which a judgment for the defendant has the effect

of barring a claim against a third person although a judgment for the plaintiff would not have prevented a defense by the third person in an action against him for the tort or breach of contract charged in the first action. In the situations within the rule stated in this Section, the person against whom the rule works adversely has had his day in court and it is not unfair that if he is unsuccessful in his action against the alleged tortfeasor or contract breaker, he should be deprived of an action against another, even though the other would have no right of indemnity against the defendant in the first action were judgment rendered against him.

It is true that the alleged servant or agent was not a defendant in either the first or second trial of this action, but his negligence was as much at issue as if he had been a party, and was in fact the sole issue on which the alleged liability of the principals was predicated. By allowing this case to be retried, the following anomalous result has been achieved: the parties who admitted that the driver was their agent or servant have been exonerated, while the former owners of the cab, who can only be held through some theory of estoppel, have been saddled with liability. This does not accord with reason and justice. And indeed the courts have applied the rule where the agent's freedom from culpability has been found in a former trial, whether or not he was the defendant in that action. See for example, *Silva v. Brown*, 319 Mass. 466, 66 N. E.2d 349; *Canin v. Kesse*, 20 N. J. Misc. 371, 28 A.2d 68; *Jones v. Valisi*, 111 Vt. 481, 18 A.2d 179; *Templeton v. Scudder*, 16 N. J. Super. 576, 85 A.2d 292. See also annotation in 23 A.L.R.2d 710, entitled

Judgment in action growing out of accident as res judicata, as to negligence or contributory negligence, in later action growing out of same accident by or against one not a party to earlier action.

The rule has been acknowledged and followed in this jurisdiction. An early case is *Gerritsen v. Seattle*, 164 Wash. 459, 2 P.2d 1092. In that case a city and a school district were jointly sued for the negligence of the school district in maintaining a barrier across a street by permission of the city. We held that a verdict exonerating the school district

exonerated the city, having the effect of res judicata, notwithstanding a verdict was rendered by the same jury against the city. We said:

> If there was any negligence in the doing or failing to do any of those physical acts incident to the safe closing of the street, it was primarily the negligence of the district. The city's negligence, if any, was necessarily only derived or imputed from the negligence of the district, if any. If the district was not negligent, as the jury, of course, found by its verdict exonerating the district, then it seems plain to us to necessarily follow that the city cannot be held liable to the plaintiff upon the ground of his being injured as the result of the city's negligence.

In accord are *Holmquist v. Queen City Constr. Co.*, 175 Wash. 681, 27 P.2d 1066, and *Johns v. Hake*, 15 Wn.2d 651, 131 P.2d 933. In the latter case we said that a master cannot be held liable to a third party for injuries inflicted by a servant when the servant, by judgment or contract, has been released from responsibility, the liability of the master being derivative.

We regret that our failure to take cognizance of this fundamental rule resulted in the expense and inconvenience of a second trial; however, we can only reach a just result and avoid further error by overruling our decision on the first appeal and directing the dismissal of the action.

Inasmuch as this conclusion determines the disposition of the case, we do not reach the further contention of the appellants that the evidence showed conclusively that sufficient notice had been given of the termination of the partnership's ownership of the business and that the respondent had no right to rely upon its responsibility for the acts of the driver.

The judgment entered on the verdict in the second trial is reversed and the action dismissed.

HILL, DONWORTH, FINLEY, WEAVER, HUNTER, HAMILTON, and HALE, JJ., and SOULE, J. Pro Tem., concur.

[En Banc. May 23, 1966]*

ROSELLINI, C. J.—The respondent petitioned for rehearing, contending that the court had disregarded the doctrine

*Reported in 414 P.2d 1013.

of "law of the case" and that this doctrine dictated that the judgment on the second trial should be affirmed. The petition was granted.

In reversing the judgment of the trial court in our en banc opinion, *ante* p. 1, 402 P.2d 356, we overruled the case of *Greene v. Rothschild,* 60 Wn.2d 508, 374 P.2d 566 (1962), which was an earlier appeal of the same case, insofar as it impliedly held that the exoneration of an agent, for whose negligence it is sought to hold his principal liable, does not exonerate the principal. There was no direct holding to this effect, and the question was not discussed in the earlier opinion, but it was inherent in the disposition made of the case. As we said in our opinion on the second appeal, this disposition was clearly erroneous and resulted in patent injustice to the appellant.

It is the contention of the respondent, as we understand it, that the court does not have jurisdiction or "power" to overrule its former decision in the case. The respondent correctly maintains that this court has many times said that the rulings on the first appeal become the law of the case, and that questions decided by the court on the first appeal will not again be reviewed by this court; and that this court has even gone so far as to say that it *cannot* review them. Cases containing language of the latter import are *Hammock v. Tacoma,* 44 Wash. 623, 87 Pac. 924 (1906); *Starr v. Long Jim,* 59 Wash. 190, 109 Pac. 810 (1910); *Peterson v. Denny-Renton Clay & Coal Co.,* 100 Wash. 613, 171 Pac. 543 (1918); *McGill v. Baker,* 157 Wash. 414, 288 Pac. 1062 (1930); *Stusser v. Gottstein,* 187 Wash. 660, 61 P.2d 149 (1936); *Miller v. Sisters of St. Francis,* 5 Wn.2d 204, 105 P.2d 32 (1940); *Davis v. Davis,* 16 Wn.2d 607, 134 P.2d 467 (1943). Insofar as the language in these cases implies that the court does not have the power to overrule its prior decisions, they are in error; and to that extent, we hereby exercise that power and overrule them.

The rules pertaining to "law of the case" which this court and others have adopted and followed in proper cases are court made rules. The doctrine is a common law doctrine,

and some courts have stated it more broadly and applied it more rigorously than others.

A recent statement of the doctrine, as expressed in this jurisdiction, is contained in *Adamson v. Traylor,* 66 Wn.2d 338, 402 P.2d 499, written by the author of this opinion. We said there:

> It is also the rule that questions determined on appeal, or which might have been determined had they been presented,[1] will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause. *Clark v. Fowler,* 61 Wn.2d 211, 377 P.2d 998. The Supreme Court is bound by its decision on the first appeal until such time as it might be authoritatively overruled. *Kennett v. Yates,* 45 Wn.2d 35, 272 P.2d 122.

It will be seen that in the same breath that the court proclaims it is bound by the former decision, it recognizes its power to overrule it. Our research has disclosed only one case in which this court has expressly overruled a prior decision in the same case. In that case, *Shell Oil Co. v. Henry,* 175 Wash. 298, 27 P.2d 582 (1933), we held that the law laid down on the first appeal had been overruled by subsequent cases applying a different rule of law to substantially the same facts.

The power of this court to overrule its decision on a former appeal is recognized also in *Thornton v. Eneroth,* 180 Wash. 250, 39 P.2d 379 (1934), (wherein the court did in fact review its former decision, for the opinion states, "The majority are not disposed to overrule or recede from the former decision."); *Baxter v. Ford Motor Co.,* 179 Wash. 123, 35 P.2d 1090 (1934), (wherein this court said, "At least, a majority of the court still consider the former decision as in accord with the principles of common law, in so far as this appellant is concerned, are content therewith, and are not disposed to overrule it."), and *Bunn v. Bates,* 36 Wn.2d 100, 216 P.2d 741 (1950), (wherein this language is found:

---

[1]On this phase of the doctrine, see *Columbia Steel Co. v. State,* 34 Wn.2d 700, 209 P.2d 482 (1949), where this court reviewed questions which might have been presented on the first appeal.

"Having read the testimony adduced in both hearings, we will further say that we do not recede from any of the legal or factual statements in the opinion in 31 Wn. (2d) 315, but, by reference, we restate and reaffirm them in this opinion.").

Thus it is clear that this court does have the power to review and overrule its prior decisions, and the respondent has cited no constitutional provision denying it that power.

■ Under the doctrine of stare decisis, the court is not obliged to perpetuate its own errors. This doctrine means that the rule laid down in any particular case is applicable to another case involving identical or substantially similar facts. *Floyd v. Department of Labor and Indus.*, 44 Wn.2d 560, 269 P.2d 563 (1954). But the doctrine will not be applied in cases in which to do so would perpetuate error and in which no property rights would be affected by the overruling of the prior decision. *Hutton v. Martin*, 41 Wn.2d 780, 252 P.2d 581 (1953). We see no reason why this principle should not apply where the allegedly erroneous decision is one which was rendered on a prior appeal of the same case. And in fact it is the increasingly accepted view that the doctrine of "law of the case" is a discretionary rule, which should not be applied where it would result in manifest injustice. This tendency is reported in annotations in 1 A.L.R. 1267, 8 A.L.R. 1033, 67 A.L.R. 1390, and 87 A.L.R.2d 275. In this last annotation, it is noted that Washington is among those jurisdictions which have acknowledged that the doctrine is not inflexible, and this recognition is expressed in the early case of *Seattle v. Northern Pac. Ry.*, 63 Wash. 129, 114 Pac. 1038 (1911). Summarizing the approach which this tendency represents, the writer of the annotation, at 282, says:

> Under this view the doctrine of the law of the case, as applied to appellate courts on successive appeals, is a mere rule of practice, but not a limitation on the courts' power. It is, however, recognized that an appellate court's power to depart from its own ruling on a former appeal may be invoked not as a matter of right, but of grace and discretion, and should be exercised only sparingly or rarely, and for cogent reasons, after careful consideration of the situation involved in individual cases, or, more

specifically, in a clear case under extraordinary or exceptional circumstances, in the interest of justice.

Such law review comments as our research has uncovered are critical of courts which apply the doctrine to perpetuate error. These are 62 Harv. L. Rev. 286 (the writer of this comment believed that the doctrine causes more work than it saves and should be supplanted by some less cumbersome doctrine or technique); 5 Stan. L. Rev. 751 (dealing particularly with California problems, which are complicated by the fact that that jurisdiction has intermediate appellate courts) and 28 Wash. L. Rev. 137. As the author of the comment in the Washington Law Review observed, the United States Supreme Court has pointed out, in *United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 94 L. Ed. 750, 70 Sup. Ct. 537 (1950), that whereas the doctrine of res judicata is a uniform rule, the "law of the case" is only a discretionary rule of practice.

It has also been held, quite logically, it would seem, that when a court makes two rulings which are inconsistent, *neither* is the law of the case. *Gage v. Downey*, 94 Cal. 241, 29 Pac. 635 (1892); *In re Walker's Estate*, 180 Cal. 478, 181 Pac. 792 (1919). This is what occurred on the first appeal of the case before us now. However, we do not rest our decision on that rationale.

It is true that we have often said that a decision rendered on a prior appeal, whether "right or wrong," becomes the law of the case. We have examined all such cases which have been disclosed by our research. They are *Menasha Wooden Ware Co. v. Nelson*, 53 Wash. 160, 101 Pac. 720 (1909); *McGill v. Baker*, 157 Wash. 414, 288 Pac. 1062 (1930); *Hammock v. Tacoma*, 44 Wash. 623, 87 Pac. 924 (1906); *Cannon v. Seattle Title Trust Co.*, 145 Wash. 691, 261 Pac. 642 (1927); and *Elsom v. Tefft*, 148 Wash. 195, 268 Pac. 177 (1928). In none of these cases does it appear that the prior ruling was erroneous, and the expression "right or wrong" was therefore merely dictum.

Counsel have not called to our attention any case in which this court has recognized that a prior decision in the same

case was clearly erroneous and yet has refused to overrule it, feeling restrained by the doctrine of "law of the case," and none has come to light in the course of our research.

■ Under the doctrine of "law of the case," as applied in this jurisdiction, the parties, the trial court, and this court are bound by the holdings of the court on a prior appeal until such time as they are "authoritatively overruled." *Adamson v. Traylor, supra; Baxter v. Ford Motor Co., supra.* Such a holding should be overruled if it lays down or tacitly applies a rule of law which is clearly erroneous, and if to apply the doctrine would work a manifest injustice to one party, whereas no corresponding injustice would result to the other party if the erroneous decision should be set aside. This is such a case.

The justifications for the doctrine were stated in *Seattle v. Northern Pac. Ry., supra,* wherein this court also stated that the doctrine is a flexible one and not binding on this court. It is, the opinion declares, "fair to the litigants and the trial court, conducive to orderly procedure, and with all sound judicial policy."

When the application of the doctrine would result in unfairness to the litigants and the perpetuation of judicial error, two of these justifications vanish. As for the third, let it be said that it was not the fault of the appellant that the question of the propriety of a remand was not considered in the first opinion. That question was earnestly argued in a petition for rehearing. Thus it cannot be said that the appellant waived its objection to the court's decision.

We are convinced that the justice of this case requires a reversal of the decision on the first appeal, insofar as it ordered a new trial.

■ A word should be said for another contention of the respondent, which is that this court does not have jurisdiction inasmuch as it lost jurisdiction when the remittitur went down after the first appeal. We may concede that the court loses jurisdiction, except for certain purposes (see *Pacific Tel. & Tel. Co. v. Henneford,* 199 Wash. 462, 92 P.2d 214 (1939)) when the remittitur goes down; how-

ever, when another appeal is taken, it regains jurisdiction. Consequently, this argument is without merit.

We adhere to the opinion previously filed herein.

HILL, DONWORTH, FINLEY, WEAVER, HUNTER, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.

July 28, 1966. Petition for rehearing denied.