IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| 34,374 PACKS OF CIGARETTES, | ) | No. 38677-5-III |
| | ) | |
| Appellant in rem, | ) | |
| | ) | |
| ROBERT REGINALD COMENOUT, SR., | ) | |
| | ) | |
| Appellant, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE LIQUOR AND | ) | |
| CANNABIS BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Robert Reginald Comenout Sr. appeals a final order of the

Washington State Liquor and Cannabis Board authorizing the seizure of unstamped

cigarettes from Mr. Comenout's off-reservation smoke shop. We affirm.

FACTS

Robert Reginald Comenout Sr. is an enrolled member of the Tulalip Tribes, and

part owner of an off-reservation public domain Indian allotment located in Puyallup,

Washington. The allotment has been held in trust since 1926 by the United States

Department of the Interior, Bureau of Indian Affairs. The land is not within the boundary

of any Indian reservation. Mr. Comenout runs the Indian Country Smoke Shop, also

known as the Indian Country Store (Store), on the allotment. The Comenout family sold

unstamped cigarettes at the Store for decades, and consequently the family has frequently

been involved in litigation.

In 2008, agents of the Washington State Liquor Control Board, predecessor of the

Washington State Liquor and Cannabis Board (collectively Board), seized unstamped

cigarettes from the Store. Members of the Comenout family were later charged in

superior court with various criminal charges related to the unstamped cigarettes. The

Comenouts contested the State of Washington's criminal jurisdiction and the Washington

Supreme Court took up the issue in an interlocutory appeal. *State v. Comenout*, 173

Wn.2d 235, 267 P.3d 355 (2011) (*Comenout* I).

*Comenout* I noted that in 1953, the United States Congress enacted Public Law

280, which authorized Washington to assume jurisdiction over Indian country "'by

statute.'" 173 Wn.2d at 238. In response to this federal legislation, the Washington

Legislature amended RCW 37.12.010 and asserted full criminal jurisdiction over all

Indian country outside established Indian reservations. *Id*.; *see also* LAWS OF 1963, ch. 36

§ 1. *Comenout* I concluded the State had jurisdiction over the Comenouts because

Washington assumed full nonconsensual criminal jurisdiction over all Indian country

outside established Indian reservations and the crime occurred on an allotment outside a

reservation.

Our Supreme Court's decision in *Comenout* I would have permitted further prosecution of Mr. Comenout; however, the State opted to dismiss the criminal charges. The State did, however, proceed with cigarette forfeiture proceedings before the Board.

Mr. Comenout challenged forfeiture before the Board, again arguing that the State lacked jurisdiction. Mr. Comenout claimed the Supreme Court's decision in *Comenout* I was not good law because the charges against him had been dismissed. Mr. Comenout's argument to the Board was unsuccessful, as was his subsequent appeal. *Comenout v. Wash. State Liquor Control Bd.*, No. 74842-4-I (Wash. Ct. App. Aug. 8, 2016) (unpublished) (*Comenout* II), https://www.courts.wa.gov/opinions/pdf/748424.pdf. Division One of this court in *Comenout* II explained that *Comenout* I was binding authority, regardless of the later dismissal of charges.

On May 21, 2015, another search warrant was executed at the Store. This time, authorities seized 34,374 packs of unstamped cigarettes. Mr. Comenout was present during the search and was arrested and charged with various crimes related to the possession and sale of unstamped cigarettes. Mr. Comenout entered an *Alford*[1] plea and was convicted of one count of engaging in the business of cigarette purchasing, selling or

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

distributing without a license in violation of RCW 82.24.500, and one count of possession of more than 10,000 contraband cigarettes in violation of RCW 82.24.110(2)(b).

Mr. Comenout appealed his convictions, again raising the argument that the State lacked jurisdiction over his activities because his activities took place on allotment land. Division Two of this court again disagreed with Mr. Comenout's analysis, relying on the binding authority in *Comenout* I. *State v. Comenout*, No. 48990-2-II (Wash. Ct. App. Dec 27, 2017) (unpublished) (*Comenout* III), https://www.courts.wa.gov/opinions/pdf/D2%2048990-2-II%20Unpublished%20Opinion.pdf. Once again, this court rejected Mr. Comenout's argument that *Comenout* I lacked precedential force because of the case's subsequent procedural history on remand.

As was true in 2008, the 2015 cigarette seizure lead to forfeiture proceedings. Again, Mr. Comenout challenged the proceedings on jurisdictional grounds. The Board upheld the forfeiture over Mr. Comenout's objections. This appeal arises from the Board's final order.

## ANALYSIS

Mr. Comenout argues the State lacks jurisdiction to adjudicate the forfeiture of Indian-owned cigarettes because the federal government has exclusive jurisdiction over Indian country. These are the same jurisdictional arguments Mr. Comenout

4

unsuccessfully raised during his two criminal prosecutions and in the previous forfeiture case. The Board does not argue that Mr. Comenout's position is barred on a theory of estoppel. Instead, the Board argues Mr. Comenout's claim is contrary to binding Supreme Court authority.

Under the Administrative Procedure Act, chapter 34.05 RCW, the appellant/petitioner bears the burden of demonstrating the final order's invalidity. RCW 34.05.570(1)(a). A jurisdictional challenge is the type of claim that may be asserted on review of an agency decision. *See* RCW 34.05.570(3)(b). We review jurisdictional issues de novo. *Bullseye Distrib. LLC v. Wash. State Gambling Comm'n,* 127 Wn. App. 231, 237, 110 P.3d 1162 (2005) (citing RCW 34.05.570(3)(d)).

As we have repeatedly explained in prior decisions, we are bound by the Washington Supreme Court's decision in *Comenout* I. Mr. Comenout argues *Comenout* I was wrongly decided, but he cites no supreme court cases[2] subsequent to *Comenout* I that

---

[2] Only the United States Supreme Court and the Washington Supreme Court can overrule a decision from the Washington Supreme Court. *See Greene v. Rothschild*, 68 Wn. 2d 1, 10, 414 P.2d 1013 (1966) (Litigants and courts are bound by the Washington Supreme Court's holdings until such time they are authoritatively overruled by the Washington Supreme Court.); *State v. W.R., Jr.*, 181 Wn. 2d 757, 768, 336 P.3d 1134, 1139 (2014) (Noting a rule announced by the Washington Supreme Court "can become incorrect when subsequent United States Supreme Court precedent clarifies that our [Supreme Court's] prior understanding was erroneous.")

undermine its analysis. Both *State v. Jim*, 173 Wn.2d 672, 273 P.3d 434, 438 (2012), and

*McGirt v. Oklahoma*, __U.S.__, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020), address a

state's authority over Indian reservations. Neither is relevant here.

The State had subject matter jurisdiction over cigarettes seized from Mr.

Comenout's Store.

## CONCLUSION

The order authorizing forfeiture is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

6